## MOORE vs. BURROWS and others.

34  173
65h 412

Where a contract is entered into for the conveyance of land on the payment of the purchase money, the estate vests, in equity, in the vendee, and the vendor retains the legal title as a mere lien or security for the unpaid purchase money.

Upon the decease of the vendor, his interest in the contract is personal property, and goes to his personal representatives. It will pass by assignment, with or without seal, like a bond and mortgage, and it may be sold as personal property, by his executor or administrator. JOHNSON, J. dissented.

And upon the sale of such a contract, by the administrator of the vendor, the purchaser thereof will have a right to receive the moneys remaining due on the same at the death of the vendor.

An assignment, by the vendee, of such a contract, will convey to the assignee all his interest therein, and entitle the assignee to demand and receive a conveyance from the heirs of the vendor, upon payment of the purchase money due thereon. JOHNSON, J. dissented.

The heirs of the vendor take the title by descent, as a mere security in equity for the payment of the debt. The debt is due to the executor, and the lien, is held by the heirs in trust and simply as a pledge or security for its payment. On payment of the debt, the heirs are compellable, in equity, to execute the trust by a conveyance of the title.

APPEAL by the defendants from an order made at a special term, whereby judgment was ordered for the plaintiff upon separate demurrers of the defendants to the complaint, with leave to the defendants to answer on payment of costs. From the complaint, it appears that in March, 1857, one William Burrows was the owner of a piece of land in the city of Rochester. He had received a deed of it *to himself alone* from the former owner. During that month he and his wife executed an agreement with one Josiah W. Burrows, one of their sons, by which they agreed to sell him the said land for $1000, in twenty annual installments, without interest. William Burrows and his wife both died prior to October 16, 1858. On that day the said Josiah W. Burrows assigned the contract to the plaintiff. On the 20th day of October, 1858, Josiah W. Burrows was duly appointed administrator of &c. of the said William Burrows, and on the 7th day of March, 1859, at public auction, sold

said contract, as such administrator, to John Thompson, jun.
Prior to the commencement of this action, the said Thompson
expressly waived any tender of the amount due on the con-
tract. The children of William Burrows have all, with the
exception of Herbert Burrows, one of the defendants, and an
alien, now in England, conveyed to the plaintiff since the de-
cease of their father. This action is brought against said
Herbert Burrows and his wife Ann, for the purpose of com-
pelling the execution and delivery of a deed from them to
the plaintiff. The following causes of demurrer were assign-
ed in each demurrer, viz: that it appeared upon the face of
the complaint—1st. That the court has no jurisdiction of
the person of the defendant or of the subject of the action.
2d. That the plaintiff has not legal capacity to sue. 3d. That
there is a defect of parties plaintiff and a defect of parties
defendant. 4th. That the complaint does not state facts
sufficient to constitute a cause of action.

*Gale, Coit & Harris,* for the appellant.

*Selden, Munger & Thompson,* for the respondents.

E. DARWIN SMITH, J. The agreement set out in the com-
plaint in this action, although it has in it some peculiar and
special provisions, is in legal effect an ordinary contract for
the conveyance of land on the payment of the purchase money.
In such cases the estate vests, in equity, in the vendee, and
the vendor retains the legal title as a mere lien for his secu-
rity for the unpaid purchase money. The interest of the
vendee in the contract is real estate, and goes to the heirs and
not to the executors, (*Champion* v. *Brown,* 6 *John. Ch.* 398;
*Griffith* v. *Beecher,* 10 *Barb.* 434; 18 *id.* 83;) and the same
may be sold on application of the executors or administrators
of the vendee, in the same manner as if he had been seised
of such land. (3 *R. S. 5th ed.* 199, § 78.) And the
widow is also entitled to dower therein. (*Id.* §§ 84, 85.)

Moore *v.* Burrows.

Upon the decease of the vendor in such a contract his interest in the contract is personal property, like a bond and mortgage, and goes to his personal representatives, and the contract should be embraced in the inventory of his estate by his executors or administrators, as a security for the payment of money under section 12 of art. 1st, title 3d, chap. 8th of the 2d part of the revised statutes, (*vol.* 3, *5th ed.* 170.) It follows that this interest of the original vendor in a contract of this kind will pass by assignment, like a bond and mortgage, with or without seal, and also that it may be sold as personal property by his executor or administrator. (*Bogert* v. *Hertell,* 4 *Hill,* 506.) The sale of the contract, therefore, by the administrator, as stated in the complaint, gave a good title to John Thompson to receive the moneys remaining due on the same at the decease of William and Sarah Burrows. The assignment, too, by Josiah W. Burrows of his interest in the contract, as stated in the complaint, conveyed to the plaintiff all his interest therein, and entitled the plaintiff to pay up said contract and receive a conveyance of the land from the heirs of William Burrows. Such heirs took the title by descent as a mere security in equity for the payment of the debt, precisely as they would have taken it by deed, to hold in trust as security for a debt due to a third person. The debt was due in this case to the executor, and the lien was held by the heirs in trust and simply as a pledge or security for its payment. On payment of the debt, the heirs are compellable in equity to execute the trust by a conveyance of such title. (2 *R. S.* 194.) In this view of the rights of the parties, the defendants are not entitled to raise any of the questions presented on the argument relating to the sale or assignment of the contract and the payment of the amount due thereon on a waiver of such amount, except so far as to see that the plaintiff is entitled to a deed of the premises on the basis of a full performance of the contract on the part of Josiah W. Burrows or the plaintiff as his assignee. The heirs of William Burrows cannot be called on to convey till

the debt is paid. They have no interest in the question when or how it is paid, so long as the contract remains in force. All the questions raised on these demurrers, I think, were rightly disposed of, so far as they were passed upon by the court. But there is a point taken here, which I presume was not taken at special term, that it is not alleged that William Burrows died seised of the property in question, or that the title to said premises is vested in the defendants by descent or otherwise. This I was inclined to think a fatal defect in the complaint, but my brethren think otherwise, and that the complaint states all that the plaintiff will be bound to prove on the trial; and that is sufficient under the code. The order of the special term should therefore be affirmed.

KNOX, J. concurred.

JOHNSON, J. dissented.

Order affirmed.

[MONROE GENERAL TERM, March 4, 1861. *Smith, Johnson* and *Knox,* Justices.]