KEENEY, receiver, etc., v. HOME INSURANCE COMPANY OF COLUMBUS, appellant.*

*Fire insurance — construction of policy — change of title or possession.*

A policy of fire insurance issued on partnership property, contained a clause that " If the property be sold or transferred, or any change takes place in title or possession, whether by legal process, judicial decree or voluntary transfer or conveyance without written permission, then the policy shall be void." One of the partners brought an action for a dissolution of the firm, and was appointed receiver of the property. Subsequently the dissolution was adjudged and a sale decreed. But before the sale was effected a loss by fire occurred. In an action by the receiver on the policy, *held*, that the action could not be maintained, and that the policy was void on account of a " change of title or possession."

EXCEPTIONS to be heard in the first instance at general term. The action was brought by Abner C. Keeney, receiver, etc., against The Home Insurance Company, of Columbus, Ohio, upon a policy of fire insurance. The plaintiff had a verdict, and defendant excepted.

*Barney, Butler & Parsons,* for appellant, cited Flanders on Ins. 432; *Barnes* v. *Union Mutual Fire Ins. Co.,* 51 Me. 110; *Dadmun Manuf. Co.* v. *Worcester Mut. Fire Ins. Co.,* 11 Metc. 429; 1 Phillips on Ins. 880; *Adams* v. *Rockingham Mutual Fire Ins. Co.,* 29 Me. 292; *Young* v. *Eagle Fire Ins. Co.,* 14 Gray, 150 ; *McLaren* v. *Hartford Fire Ins. Co.,* 5 N. Y. 151; *Lappin* v. *Charter Oak Fire Ins. Co.,* 58 Barb. 325 ; *Starkweather* v. *Cleveland Ins. Co.,* 15 Int. Rev. Rec. 59.

---

*This case was decided at the February term, 1874, but the opinion was not received in time for publication with the opinions of that term.

*Sewell & Pierce,* for respondent, cited Ellis on Fire Ins. 69; *Ætna Ins. Co.* v. *Tyler,* 16 Wend. 397; *Gordon* v. *Mass. Ins. Co.,* 2 Pick. 249; *Jackson* v. *Mass. Mut. Fire Ins. Co.,* 23 id. 187; *Tittemore* v. *Vermont Ins. Co.,* 20 Vt. 546; *Morrison* v. *Tenn. Marine and Fire Ins. Co.,* 18 Mo. 262; *Norcross* v. *Franklin Ins. Co.,* 17 Penn. 429; *Fernandez* v. *Gt. West. Ins. Co.,* 3 Rob. 457; *Kitts* v. *Massasoit Co.,* 56 Barb. 177; *Savage* v. *L. I. Ins. Co.,* 43 How. 462; *Hitchcock* v. *North West. Ins. Co.,* 26 N. Y. 68; *Phelps* v. *Gibhard Fire Ins. Co.,* 9 Bosw. 404; *Hoffman* v. *Ætna Ins. Co.,* 32 N. Y. 405; *Tillou* v. *Kingston Ins. Co.,* 7 Barb. 570; *Burnett* v. *Eufaula Home Ins. Co.,* 46 Ala. 11; *Aurora Fire Ins. Co.* v. *Eddy,* 55 Ill. 222.

TAPPEN, J. The defendants in January, 1871, issued a fire policy to the firm of Keeney & Clark, on certain machinery, tools and stock, at 637 and 639 West Forty-sixth street, New York.

The firm then consisted of the two persons named, and of Eliza Carroll. The articles of copartnership are dated November 11, 1869. By these articles Mrs. Carroll contributed to the capital of the firm, among other property, all the machinery, fixtures, stock in trade, boilers, steam engines, etc., in the factory. And the partners were declared by the 6th article of the agreement, on contributing as agreed, to be in all respects equal in interest in stock, capital, property, etc., of the copartnership.

The insurance policy contained a clause that "If the property be sold or transferred, or any change takes place in title or possession, whether by legal process, judicial decree, or voluntary transfer or conveyance without written permission, then the policy shall be void." In February, 1871, Keeney brought his action against the other partners, alleging the contributions of capital by each partner save a small sum due from Clarke, and for certain reasons set forth in the complaint, he prayed a dissolution of the copartnership and the appointment of a receiver to dispose of the property, etc. On the 15th of February, 1871, by order of the supreme court in that action, Keeney was, on his own motion, appointed receiver of the copartnership business and assets of the firm, with the usual powers of receivers, etc. And on a subsequent hearing on the 26th of April, 1871, the order was affirmed and made absolute after hearing all parties. The action was subsequently tried and judgment rendered thereon for a dissolution of the firm and a sale of the property, and the roll filed in July, 1871, and the receiver thereupon

proceeded to advertise the property for sale on August 4, 1871. After the judgment and before the sale, to wit, on the 21st of July, 1871, the fire happened, by reason whereof it is claimed the defendant's liability has accrued. Among the defenses set up is that the appointment and possession of the receiver as well as the subsequent judgment which excluded Mrs. Carroll from any control of the property, worked a change in the title and in the possession of the property, and worked a forfeiture of the policy under the provision quoted.

The effect of the order appointing the plaintiff receiver was to exclude the other partners from any interference with the property; they had no right of possession while the order was in force, nor could they maintain any action in respect thereto. Keeney held by virtue of the title of a receiver in equity, and by reason of possession. Did his position as receiver operate to "make any change in title or possession," and thus bring it within that clause of the policy? By the judgment in the action the copartnership was dissolved, and its assets transferred to the receiver, and he was proceeding to sell the property insured at the time of the fire — title to this property in third parties could not, therefore, be made through the firm, but could be made through the receiver.

The plaintiff was, at the same time, a member of the firm and receiver, but this does not change his status as receiver with respect to the rights of defendants in this action. The term "receiver" is one who receives — implies a transfer of possession of the thing received. A receiver in equity in a suit brought to obtain an appropriation of the assets of an insolvent copartnership, takes title, etc., "from the date of the order." *Lottimer* v. *Lord*, 4 E. D. Smith, 183. The effect of the appointment of the receiver as well as the effect of the final judgment was to divest all the partners, as such, of all control of the property, and the firm, being the party assured, were thus divested both of title and possession, and there was in legal contemplation "a change in possession." The possession of the receiver was substituted for the possession of the firm. Again, if the plaintiff had not, at the time of the loss, the title to the goods as receiver, he cannot maintain this action, and if he has the title he can only maintain the action, provided the contract of insurance creates any rights which attach to him.

Now it is well said that insurers who wish to limit their liability by the responsibility of the assured may do so by suitable words.

*London & N. W. Railway Co.* v. *Glyn,* 1 El. & Bl. 652. And further, that a contract of insurance is confined to the parties. No other person has equitable or legal rights therein, unless derived through the act of the parties to the contract. *Laughton* v. *Putney,* 43 Vt. 495. Being a contract of hazard, whereby for a small sum a much larger sum is agreed to be paid in a certain event, it will not be extended beyond the just and reasonable interpretation of its terms. Material considerations in taking the risk, are the situation and character of the property, and the situation of the parties insured in relation to the property. If some of the parties interested in the property and in the insurance are forcibly divested of their interest and control, a material change occurs in the situation, those who might have an interest in the preservation of the property become as strangers and perhaps take a hostile position, although this rule does not apply where one partner acquires the interest of the other partner by voluntary purchase, the possession of one partner as such being equivalent to the possession of all. *Hoffman* v. *Ætna Ins. Co.,* 32 N. Y. 405.

The firm or copartnership with which the defendants contracted cannot make title in their own right to the moneys claimed to be due on the policy; they can only assert the claim through a receiver; the defendants cannot treat directly with the parties with whom they contracted, they are, before any loss accrued, turned over to a third party, who now asserts a representative right to receive the loss. Where an assignee in bankruptcy takes the estate of the bankrupt, it has been held, that this is an alienation which defeats the policy. *Perry* v. *Lorillard Fire Ins. Co.,* 6 Lans. 201. And any material change in the title works the same result, and the reason is not only because of the condition in the policy, but because of the failure of insurable interest in the assured. Flanders on Ins. 432. And an assignment in trust for the benefit of creditors forfeits the policy. Phillips on Ins. 880. A dissolution of the partnership terminates the risk on partnership property.

Neither assignments nor receiverships would be of any avail unless title passed, so that possession and right of possession of the property could be maintained, and having this general principle in view, the courts have held, with great uniformity, that such proceedings were a change and alienation of the property, which worked a for-

feiture of the policy. *Adams* v. *Rockingham Ins. Co.*, 29 Me. 292; *Young* v. *Eagle Fire Ins. Co.*, 14 Gray, 150; *Barnes* v. *Union Mutual Ins. Co.*, 51 Me. 110; *Grosvenor* v. *Atlantic Fire Ins. Co.*, 17 N. Y. 391.   The party insured must have an insurable interest at the time of the loss.

In *Lappin* v. *Charter Oak Fire Ins. Co.*, 58 Barb. 325, the assured had died and the property descended to heirs, who occupied ; held that there was a change both of title and possession, which made the policy void by its terms; this position is affirmed in *Savage* v. *Howard Ins. Co.*, 52 N. Y. 503.   In *Perry* v. *Lorillard Ins. Co.*, 6 Lans. 201, the policy contained a condition similar to the one in suit, and an assignment in bankruptcy was held to vest the estate in the assignee, and to be a change of title; the court says, it matters not what name is given to the result produced, whether it has the effect of a grant or a sequestration, and the policy was held void.

Where the insurance was upon the interest of the mortgagor, he having parted with that interest before the loss, no loss was sustained by him, and his assignee or appointee cannot recover, and as a general rule it is the damage sustained by the party insured, and not by the party substituted that is recoverable. *Macomber* v. *Cambridge Mut. Ins. Co.*, 8 Cush. 133 ; *Carpenter* v. *Providence Ins. Co.*, 16 Pet. 495 ; *Foster* v. *Equitable Ins. Co.*, 2 Gray, 216 ; *Springfield Ins. Co.* v. *Allen*, 43 N. Y. 389.

It has been held in this State that the voluntary transfer by one partner to another partner was not such an alienation as worked a forfeiture. *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 405; *Tillon* v. *Kingston Ins. Co.*, 7 Barb. 570, and to the same effect are the decisions in other States.   See cases cited.   In *West* v. *Skip*, 1 Ves. 242, Lord HARDWICK says each member of a firm is seized "*per my et per tout*" of the common stock, and this principle is invoked by the plaintiff by reason of the fact that the receiver was a partner and remained in possession.   The distinction is, that his possession was not in harmony with, but in hostility to the other partners or to one of them, and by the force of a judicial process or decree which excluded them.   His possession was, therefore, not that of partner nor the possession of the firm, if, as has been held in the cases cited, the receivership divested the firm of title and possession. The position that the receivership was an alienation of the property of the assured and within the prohibition of the policy seems

determined by the weight of authority, and is decisive of the question. I have not, therefore, considered the other defenses presented.

The verdict should be set aside and a new trial ordered, costs to abide event.

*New trial ordered.*