## GEORGE GERMOND, Appellant, *v.* THE HOME INSURANCE COMPANY, Respondent.

*Policy of insurance — Change of interest of insured — what constitutes.*

A policy of insurance provided that if the property insured should be sold or conveyed, or the interest of the parties therein changed, that it should be null and void. After the issuing of the policy, the owner contracted, under seal, to sell the property covered thereby to one S., who paid part of the purchase-price. In an action upon the policy, *held,* that such contract of sale and payment constituted a change of interest in the property insured, and rendered the policy void.

*Savage* v. *How. Ins. Co.* (52 N. Y., 502) followed; *Hitchcock* v. *N. W. Insurance Co.* (26 id., 68) distinguished.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought upon a policy of insurance issued by the defendant. The clause of the policy, upon the construction of which the decision of the case depended, was as follows: "Provided further, that if any other insurance has been or shall hereafter be made upon the said property, not consented to by this company in writing hereon, or if the said property shall be sold or conveyed, or the interest of the parties therein changed, or if this policy shall be assigned without the consent of the company obtained in writing hereon, or if the insured shall make any attempt to defraud the company, then, and in every such case, this policy shall be null and void."

The facts are stated in the opinion.

*Richards & Sessions,* for the appellant.

*Chapman & Martin,* for the respondent.

BOCKES, J. :

The policy of insurance on which the action was brought, contained a provision that if any other insurance had been, or should thereafter be made upon the property insured, not consented to by the defendant, in writing, indorsed on the policy, or if the property should be sold or conveyed, or the interest of the parties

therein be changed, or if the policy should be assigned without the consent of the company, obtained in writing thereon, or if the assured should make any attempt to defraud the company, then, and in every such case, the policy should be null and void. It was found by the learned judge, before whom the action was tried without a jury, that, after the issuing of the policy, the owner of the fee, by a contract under seal, contracted to sell the premises and property covered thereby, to one Cyrus F. Scudder, who paid down part of the purchase-price; and he held that such contract of sale and payment, constituted a change of interest in the property insured, and rendered the policy void, under the proviso above cited. In my judgment, such decision was sound in law. The provision was a valid one, and bound the parties according to its terms. So, if the fact found constituted a change of interest in the property insured, the policy became null and void. Then, did the contract of sale, with payment of part of the purchase-money, work a change of interest in the property within the purview of the above provision? Now, such contract and payment, certainly, gave Scudder rights in the property and to that extent there was clearly a change of interest. As vendee under the contract of purchase, he became the equitable owner; and the interest of the vendor was also changed by the contract, from that of an absolute owner to that of one holding the legal title as a security for the unpaid purchase-money.[*] It was laid down in *Hathaway* v. *Payne*, as follows: " The vendor in such case is deemed in equity to be the trustee for the vendee of the title, and the vendee is the trustee of the vendor for the purchase-money;" and further, that the interest of the vendee is real estate, and in case of his death descends to his heirs, and is devisable as real estate. It seems, therefore, beyond question, that the interest of the parties in the property was *changed* by the contract of sale. Undoubtedly, the vendor here, retained an insurable interest in the property, and had the condition been in form and substance like that considered in *Hitchcock* v. *The N. W. Insurance Co.*[†] and kindred cases, the

---

[*] Moore v. Burrows, 34 Barb., 173; Smith v. Gage, 41 id., 60, 66; Rood v. New York & Erie Railroad Co., 18 id., 80, 83; Griffith v. Beecher, 10 id., 432; McKechnie v. Sterling, 48 id., 330, 335; Hathaway v. Payne, 34 N. Y., 103.

[†] 26 N. Y., 68.

change of interest here effected, would not have rendered the policy void. But the language of the provision in this case, is to the effect that a *change* of interest shall work a forfeiture. Thus the case is brought directly within the decision in *Savage* v. *How. Ins. Co.* [*] In the case cited, the language of the provision was, that if the property should be sold or transferred, or any change take place in the title or possession, the policy should be void ; and it was there held that a conveyance of the property avoided the policy, although, simultaneously therewith, a mortgage was taken back for the purchase-money. This case is conclusive of the one at bar. The reasoning of the learned judge in the case cited, and his citation of authorities, are applicable here in every particular. [†] Here, a change of interest was undoubtedly intended and effected by the contract of sale ; hence, according to express stipulation, the policy was void.

The judgment should be affirmed, with costs.

Present — MILLER, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.

[*] 52 N. Y., 502.      [†] See, also, Perry v. Lorillard Fire Ins. Co., 6 Lans., 201.