## GERMOND v. HOME INSURANCE COMPANY.

*Insurance — fire policy — what change of interest avoids.*

In a fire insurance policy it was provided that if the property " shall be sold or conveyed, or the interest of the parties therein changed " the policy should be void. The owner of the insured premises contracted under seal to sell them, and received part of the purchase-money. *Held,* that the policy was avoided.

APPEAL by plaintiff from a judgment in favor of defendant in an action tried by the court without a jury.

The action was brought in Broome county by George Germond to recover upon a policy of insurance for a loss by fire. Sufficient facts appear in the opinion.

*Richards & Sessions,* for appellants, cited *Hitchcock* v. *North West. Ins. Co.,* 26 N. Y. 68 ; *Fernandez* v. *Great West. Ins. Co.,* 3 Robt. 458; *Kitts* v. *Massasoit Ins. Co.,* 56 Barb. 177; *Shearman* v. *Niagara Fire Ins. Co.,* 40 How. 393.

*Chapman & Martin,* for respondent.

BOCKES, J. The policy of insurance on which the action was brought contained a permission that if any other insurance had been or should thereafter be made upon the property insured, not consented to by the defendant in writing, indorsed on the policy; or if the property should be sold or conveyed, or the interest of the parties therein be changed, or if the policy should be assigned without the consent of the company obtained in writing thereon, or if the assured should make any attempt to defraud the company, then, and in every such case, the policy should be null and void. It was found by the learned judge, before whom the action was tried without a jury, that after the issuing of the policy the owner of the fee, by a contract under seal, contracted to sell the premises and property covered thereby, to one Cyrus F. Scudder, who paid down part of the purchase price, and he held that such contract of sale and payment constituted a change of interest in the property insured, and rendered the policy void under the proviso above cited.

In my judgment such decision was sound in law. The provision was a valid one, and bound the parties according to its terms. So if the fact found constituted a change of interest in the property insured, the policy became null and void. Then did the contract of sale, with payment of part of the purchase-money, work a change of interest in the property within the proviso of the above provision ? Now such contract and payment certainly gave Scudder rights in the property, and to that extent there was clearly a change of interest. As vendee under the contract of purchase, he became the equitable owner, and the interest of the vendor was also changed by the contract from that of an absolute owner to that of one holding the legal title as a security for the unpaid purchase-money. *Moore* v. *Burrows*, 34 Barb. 173 ; *Smith* v. *Gage*, 41 id. 60, 66 ; *Rood* v. *N. Y. & Erie R. R. Co.*, 18 id. 80, 83 *Griffith* v. *Beecher*, 10 id. 432; *McKechnie* v. *Sterling*, 48 id. 330–335; *Hathaway* v. *Payne*, 34 N. Y. 103.

It was laid down in *Hathaway* v. *Payne*, as follows: " The vendor in such case is deemed, in equity, to be trustee for the vendee of the title, and the vendee is the trustee of the vendor for the purchase-money;" and further, that the interest of the vendee is real estate and in case of his death descends to his heirs, and is devisable as real estate. It seems, therefore, beyond question that the interest of the parties in the property was *changed* by the contract of sale. Undoubtedly the vendor here retained an insurable interest in the property, and had the condition been in form and substance like that considered in *Hitchcock* v. *North West. Ins. Co.*, 26 N. Y. 68, and kindred cases, the change of interest here effected would not have rendered the policy void. But the language of the provision in this case is to the effect that a *change* of interest shall work a forfeiture. Then the case is brought directly within the decision in *Savage* v. *How. Ins. Co.*, 52 N. Y. 502. In the case cited, the language of the provision was that if the property should be sold or transferred, or any change should take place in the title or possession, the policy should be void; and it was there held that a conveyance of the property avoided the policy, although simultaneously therewith a mortgage was taken back for the purchase-money. This case is conclusive of the one at bar. The reasoning of the learned judge in the case cited, and his citation of authorities, are applicable here in every particular. See, also, *Perry* v. *Lorillard F. Ins. Co.*, 6 Lans. 201. Here was undoubtedly a change

of interest, intended and effected, by the contract of sale; hence, according to express stipulation, the policy was void.

The judgment should be affirmed, with costs.

*Judgment affirmed.*