ARMEDA McCARTY, RESPONDENT, *v.* PHILENA MYERS, APPELLANT.

*Lands contracted to be sold — effect of devise of — Failure of purchaser to perform — notice by devisee that prompt payment will be required.*

A vendor of land may devise land, contracted to be sold, to another person, and the devisee will take the title charged with a trust for the benefit of the contract vendee. The contract will pass to the executors of the vendor, who will be entitled to enforce it and who will hold the money for the creditors of their testator or for the devisee.

If the contract vendee shall fail to perform the contract, the devisee will become the absolute owner of the fee.

In order to take advantage of forfeiture by the contract vendee, in not meeting promptly the payments under the contract, the devisee must notify him that prompt payment will be exacted.

APPEAL from a judgment in favor of the plaintiff, entered on the decision of the court, in an action of ejectment brought to recover the possession of land in Oswego county. The court directed judgment for the plaintiff for the possession of the premises, but without prejudice to the defendant's right to bring an action for the specific performance of a contract of sale thereof, or to be relieved from the forfeiture thereof.

*S. N. Dada*, for the appellant.

*E. S. Pardee*, for the respondent.

MULLIN, P. J.:

In July, 1860, Elisha Bundy was owner in fee of the land described in the complaint, and on the first day of that month entered into a contract in writing whereby he agreed to sell, and, upon payment of the purchase-money, to convey said land to the defendant by warranty deed in fee. The price to be paid was $2,307.42, and was payable as follows : $207.42 and interest, December 1, 1860 ; $200 and interest, December 1, 1861 ; $200 per year for nine years, together with interest ; $100, with interest, the tenth year. Defendant was authorized to take possession, and it was provided that in default of payment the vendor might re-enter.

The defendant went into possession of the said premises, and still continues to occupy them.

On the 10th of October, 1873, Bundy died, leaving a last will, whereby he devised the land contracted to the defendant to the plaintiff. The said will was duly admitted to probate.

The defendant made payments from time to time on said contract during the life of Bundy, but not at the time nor in the amounts called for by the contract ; payments were made after Bundy's death, but they were not made at the time nor in the amount specified in the contract.

In April, 1874, the executors settled with defendant's husband, who was acting as her agent, and the amount unpaid was ascertained to be $2,140.

In February, 1874, plaintiff called on defendant's husband and asked him whether he was going to give up the place; he said he wanted to keep it; he wanted one week to make up his mind what to do, and the week was given him; at the end of the week he asked for another week, and it was given him; as plaintiff saw nothing more of the husband, she brought this action of ejectment against said defendant to recover possession of said premises.

The defenses were: 1. A general denial. 2. That she was in possession under the contract above described, and had made large payments thereon, and expected to pay up in full as soon as the amount unpaid should be ascertained.

On the trial before the court without a jury, the ownership in fee by Bundy, the making of the contract between him and defendant for the sale of the said premises, the death of B., making and probate of his will, by which the premises were devised to the plaintiff, and that the defendant had neglected to pay, were found, and judgment ordered for plaintiff for the possession of the premises.

A vendor of land who has contracted to sell it to another on payment of the purchase-price, retains in himself the fee of the land as security for the purchase-money, and as trustee for the purchaser. (*Moore* v. *Burrows*, 34 Barb., 173.) He (the vendor) may sell the land, and the purchaser will take the title charged with a trust for the benefit of the vendee. The vendor may devise the land, and the devisee takes the fee and holds it in trust for the benefit of purchasers. (*Smith* v. *Gage*, 41 Barb., 60.) The contract will pass to the executors of the vendor, who become entitled to enforce it, and they will hold the money for the creditors of their testator, or for the devisee, as the other personal estate of the testator shall or shall not prove sufficient to pay the testator's debts. (*Moore* v. *Burrows*, *supra*.)

If the purchaser shall fail to perform the contract on his part, and it is forfeited, the devisee will take the title discharged from the equitable rights of the purchaser, and become the absolute owner in fee.

When the vendor receives from the vendee payments upon the

contract after the day on which, by its terms, they are payable, the forfeiture (if non-payment at the time designated for payment produces a forfeiture) is thereby waived; and if the·vendor desires that the future payments shall be promptly made, or if he desires payments due and unpaid to be paid, he must in the one case notify the purchaser that prompt payment thereafter will be exacted, and in the other, that the money due and unpaid must be paid by a day designated, and if the purchaser fails to pay as required, the vendor may forfeit the contract and maintain .ejectment for the possession of the land. (*Cythe* v. *LaFontain*, 51 Barb., 186.)

It is only in a court of equity that the purchaser can obtain the benefit of the waiver. At law he must show strict performance, in order to prevent a recovery by the vendor in ejectment.

Had the defendant in her answer offered to pay the balance due the plaintiff on the land, and demanded a specific performance, she would have been entitled to relief. The court below went to the extreme limit of his power in reserving the right of defendant to commence an action praying for such relief.

The judgment must be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs.