## ELIZA W. KNOLLS, APPELLANT, v. LYDIA BARNHART AND OTHERS, RESPONDENTS.

*Contract of sale — death of party in possession thereunder — his interest passes to his heirs, subject to dower — Widow — purchase of outstanding title by — does not defeat rights of heirs.*

Where a person dies while in possession of land under a contract of sale therefor, leaving a widow and children him surviving, his interest therein vests in his children subject to the dower of the widow.

Where, in such a case, the widow enters into possession of the land and from the rents and profits thereof pays the amount due on the contract of sale and discharges other incumbrances thereon, she holds the land as trustee for her children; she cannot purchase any outstanding title and hold the same adversely to them.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

This action was brought to remove a cloud upon the title of land acquired by the plaintiff by descent from her father, and for a partition or sale of the same. The defendant Lydia Barnhart, the mother of the plaintiff, denied the title of the plaintiff's father to the land, and gave in evidence a certified copy of a deed of the premises from the plaintiff's father to one Wm. F. Hussey, dated March 27, 1828, and also set up subsequent titles acquired by herself. It did not appear that any claim of title had ever been made, or any possession taken under this deed, to Hussey.

*W. Woodbury*, for the appellant.

*Charles McLouth*, for the respondents.

E. DARWIN SMITH, J.:

Upon the facts stated in the plaintiff's complaint, and clearly proved or admitted on the trial, and in the findings of the referee, it was error, I think, to dismiss the complaint.

The referee finds that Christian Barnhart, on the 13th day of January, 1835, died in possession of the premises in dispute, leaving the defendant Lydia Barnhart and eleven children him surviving, of whom the plaintiff is one. That, from the time of his death, the defendant Lydia continued to occupy said premises, and paid rent upon the lease mentioned in the pleadings.

The referee also finds that, on the 1st day of October, 1828, the said premises were sold upon a foreclosure of a mortgage thereon executed by the said Christian Barnhart and wife to one Margaret Jennings, afterwards the wife of Charles Southwick, who foreclosed said mortgage and purchased in said premises on the said foreclosure sale. And that afterwards, on the 24th day of December, 1829, said Southwick made to the said Barnhart a lease of said premises, who took and held possession of said premises under said lease until his death. The said instrument called a lease was, in fact and in legal effect, an agreement to sell and convey said premises to the said Barnhart upon the payment of $326, and interest thereon, at any time during the continuance of said lease; the said purchase money to be paid in the sum of twenty-five dollars, in the shape of rent, annually, until such principal sum and interest were fully paid.

Under this agreement, called a lease, the said Barnhart clearly took an equitable estate in said premises, and the said Southwick retained the legal title as a mere lien for his security for such unpaid purchase money.

Upon the decease of said Barnhart his interest in said land vested in his heirs, and his widow was entitled to dower therein. (*Moore* v. *Burrows*, 34 Barb., ·173; *Adams* v. *Green*, id., 176.) It appears that his widow and the family remained in possession of said premises under said lease, the said defendant Lydia receiving the rents and profits thereof for the support of herself and family, and continuing to pay therefrom the said rent of twenty-five dollars, till from such rents and profits she finally paid up the same on the 21st day of December, 1868. It also appears that from such rents and profits she also paid the interest on a prior mortgage upon said premises, due to one Edward Durfee on the purchase of said premises by said Barnhart in 1820, and which she finally paid up in April, 1841, taking to herself an assignment of said mortgage from the holders thereof. This mortgage, it appears, said Lydia, subsequently, in 1871, foreclosed, and bid in the premises herself.

This foreclosure was a clear nullity. The mortgage had been paid up by Mrs. Barnhart from the rents of said premises. Mrs. Barnhart was guardian in socage of her children, and, as such,

was entitled to go into possession, and became trustee for all the children and heirs of Barnhart interested in said premises. She could not purchase any estate and hold it adversely to them, and any title she might acquire she would still hold as trustee. (*Sylvester* v. *Ralston*, 31 Barb., 288.)

The widow of Barnhart and all his children and heirs hold under his title acquired from Southwick, and cannot dispute such title as against each other. The Hussey deed proved on the trial, if ever delivered, considered or treated as a valid conveyance, was probably foreclosed by the foreclosure by Southwick, but if not, it is obviously of no validity under the proof, no claim made or possession ever having been taken under it. The defendants did not connect themselves with it, and could not set it up as any defense in this action.

It is too late to question the validity of the foreclosure of the mortgage given by Barnhart to Margaret Jennings. The plaintiff and all the parties claim under such foreclosure, and must be bound by the act of Barnhart in recognizing the title of Southwick, acquired under such foreclosure by taking the lease aforesaid under such title, and agreeing to pay rent and receive a reconveyance after payment of the stipulated purchase money called rent.

It was error, therefore, to dismiss the plaintiff's complaint. It is true he had no legal title, and could not maintain ejectment or an action for partition, but he was entitled to have the rights of the parties settled, the foreclosure of the Durfee mortgage set aside or decreed to be a conveyance of the title to the defendant Lydia for the benefit of all the parties interested in said estate; and also to have said Lydia account for the rents and profits received by her, and the deed which she had given to the defendant, Almon Barnhart, set aside, to the end that, upon obtaining the proper conveyance of the legal title to the parties interested, a partition of said premises or a sale thereof might be had and the proceeds divided.

The judgment must, therefore, be reversed, and a new trial granted before a new referee, with costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.