ABATE v. BIANCO.

(Supreme Court, Appellate Division, Second Department. March 24, 1911.)

1. VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE.

An intestate's interest under a contract to purchase land on which installments had been paid must be regarded as real estate, rendering unmarketable a title contracted to be conveyed by his widow, who completed the payments and took a deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

2. SUBMISSION OF CONTROVERSY (§ 19*)—SCOPE OF RELIEF—PARTIES.

Where, in a submitted controversy to determine the marketability of title which plaintiff has contracted to convey to a defendant, the title is found to be unmarketable, there should be no further adjudication, where holders of interests in the property are not represented.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. § 21; Dec. Dig. § 19.*]

Submission of controversy by Maria Abate against Raymond Bianco, upon an agreed statement of facts, under Code Civ. Proc. §§ 1279–1281. Judgment for defendant.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Charles D. Millard, for plaintiff.
Thomas M. Smith, for defendant.

JENKS, P. J.   This is a submitted controversy to determine the marketability of title to certain real estate, situate in the county of Westchester, which the plaintiff has contracted to convey to the defendant.   Materne, the owner in fee simple, contracted in 1906 to sell realty, including these premises, to Miranda upon a partial payment, and further payments by installments until a certain amount was paid, whereupon a deed was to be delivered upon the execution of a mortgage by Miranda for the balance of the consideration money.   The contract was recorded.   Later in that year, Miranda assigned so much of the contract as embraced these premises to the plaintiff's husband, who performed the contract as to these premises until his death in December, 1907.   That contract was also recorded.   The said husband died intestate, leaving him surviving the plaintiff, his widow, a resident of the said county of Westchester, and a mother and a sister, who resided in Italy and were subjects of its king.

No administration or other proceedings were had upon the estate of the said husband of the plaintiff, but his widow continued to pay the installments on said contract as assigned.   In 1908 Materne executed and delivered a deed of the premises to plaintiff, and thereupon the plaintiff contracted with defendant to sell the premises and to execute a full warranty deed thereof.   The defendant is now ready to perform upon delivery of a good and sufficient deed conveying a marketable title.   The plaintiff contends that she is vested with such title.   The defendant contends that she cannot convey a marketable title, because the interest of her said husband in the contract was real estate descendible to his heirs, or, in the event that alienage prevented inheritance, then such interest escheated to the people of this state.

I think that the interest of the plaintiff's husband in the contract at his death must be regarded as real estate.   Hathaway v. Payne, 34 N. Y. 92–103;   Palmer v. Morrison, 104 N. Y. 132, 10 N. E.' 144; Gerard's Titles to Real Estate, p. 499.   But the only parties to this controversy are the parties to the present contract for conveyance. The heirs, or the state of New York, not here represented, have an interest in the property, and, whether such interest be in one or the other, the plaintiff cannot, so far as the facts submitted show, deliver a marketable title.   In this condition of the record, this court should adjudge nothing beyond the inability of the plaintiff to give a marketable title.   The matter of an accounting and adjustment pursuant thereto, as well as definite ascertainment of rights and interests, should await the determination of the court in a proper action taken therefor.

Judgment for defendant, without costs, in accordance with the terms of the submission.   All concur.