Matter of the Transfer Tax upon the Estate of Anna Cochrane Boshart, Deceased.

(Surrogate's Court, Lewis County, June, 1919.)

Transfer tax — non-residents — what not subject to — what is intangible property — contracts — title — executors and administrators.

The rights which the estate of a non-resident decedent has under a contract made by her for the sale of her farm located in this state, are intangible property and are not subject to a transfer tax here.

Upon the execution of the contract of sale the interest of the owner was changed from real to personal property, and she continued to hold the legal title to the farm merely as security for the unpaid purchase money.

A contention that the strict legal rule should be applied and that decedent should be deemed the owner of the land, because, as no deed had been given she still held the record title, is untenable.

Appeal from an order assessing the transfer tax.

George S. Reed, for executor.

Harry W. Cox, for state comptroller.

Carter, S.   This is an appeal by the comptroller, pursuant to section 232 of the Tax Law, from the *pro forma* order of the surrogate determining the value of the property of said deceased and that the transfer of said property is not subject to a transfer tax.

Anna Cochrane Boshart died testate as to a part and intestate as to the remainder of her property, on the 5th day of April, 1917, a resident of Grand Forks, in the state of North Dakota, survived by her husband, John Boshart, and by Joseph E. Bowman, her only heir and next of kin.  On and before March 15, 1911, said testatrix was the owner in fee of a farm of land situate in the town of Denmark, Lewis county, N. Y., and on that date she entered into a contract for sale of said farm to Walter and Hannah Schloop.   The contract provided that said purchasers should pay said testatrix $5,000 for said farm in installments until the whole purchase price was paid, with interest, when the testatrix was to give the purchasers a deed of said farm, and that said purchasers should have possession of said farm on and after the date of said contract. The said purchasers at the date of said contract entered into possession of said farm and have from that time remained in actual possession thereof.  At the time of the death of said deceased there was owing on said contract $5,106.93; said farm was worth that sum, and the said testatrix owned no other property in the state of New York.

The sole question to be determined is whether the transfer of the above-described property of said deceased is subject to a transfer tax.  If said property is " tangible property," its transfer is subject to such tax; but if " intangible property," its transfer is not subject to such tax.  Intangible property owned by a non-resident of this state at the time of his death is

not subject to a transfer tax in this state. Tax Law, § 220.

Section 243 of the Tax Law provides: " The words ' tangible property ' as used in this article shall be taken to mean corporeal property such as real estate and goods, wares and merchandise, and shall not be taken to mean money, deposits in bank, shares of stock, bonds, notes, credits or evidences of an interest in property and evidences of debt. The words ' intangible property ' as used in this article shall be taken to mean incorporeal property, including money, deposits in bank, shares of stock, bonds, notes, credits, evidences of an interest in property and evidences of debt.''

Upon the execution of said contract for sale of the farm, Mrs. Boshart's interest was changed from real to personal property. She became the owner of the unpaid purchase money (*Williams* v. *Haddock,* 145 N. Y. 144, 150; *Thomson* v. *Smith,* 63 id. 301, 303; *Van Tassel* v. *Burger,* 119 App. Div. 509, opinion of Miller, J., 512; *Matter of City of New York* [*Edgewater Road*], 138 id. 203, 207; affd., 199 N. Y. 560), and held the legal title to the farm merely as security for the payment of the said purchase money (*Moore* v. *Burrows,* 34 Barb. 173; *Baldwin* v. *Humphrey,* 44 N. Y. 609, 616; *Clarke* v. *Long Island Realty Co.,* 126 App. Div. 282; *Moore* v. *Taylor,* 175 id. 37, 38; *Matter of City of New York, supra;* 39 Cyc. 1303, 1612); and she stood for all practical purposes as mortgagee of the farm. 39 Cyc. 1794; *Van Wyck* v. *Alliger,* 6 Barb. 507. Her interest was the right to the money unpaid upon the contract and was personal property. *Lewis* v. *Smith,* 9 N. Y. 502, 510; *Hathaway* v. *Payne,* 34 id. 92, 103.

The contract in question is a chose in action (*Redfield* v. *Supervisors of Genesee County,* Clarke Ch.

42, 43; affd., 3 Ch. Sent. 92) and the amount owing thereon is personal property, the same as though it were owing upon a note or bond. *People ex rel. Westbrook* v. *Village of Ogdensburg,* 48 N. Y. 390, 397. Such contracts have for many years been assessed and taxed as personal property (*People ex rel. Westbrook* v. *Village of Ogdensburg, supra; People* v. *Willis,* 133 N. Y. 383) and are subject to a recording tax, the same as a real estate mortgage. Tax Law, § 250.

Upon the death of Mrs. Boshart said contract passed as personal property to the executor of her will, who can enforce collection of the amount due on same, or who can sell and assign it, the same as though it were a note or bond. Gerard Titles, 499.

Section 2682 of the Code of Civil Procedure provides that money unpaid on a contract for the sale of land shall be deemed assets and goes to the executor or administrator to be applied and distributed as a part of the personal property of the testator or intestate.

The money unpaid on a contract for the sale of land goes to the next of kin of the vendor, to the exclusion of the heirs of such vendor. *Williams* v. *Haddock, supra.*

The heirs of Mrs. Boshart, had she died intestate, would take the legal title to the farm by descent as mere security in equity for the payment of the amount owing on the contract. The amount owing on the contract is due to her executor or his assigns, and on payment of same her heirs may be compelled to convey the legal title to the farm to the purchasers. *Thomson* v. *Smith, Williams* v. *Haddock, Moore* v. *Burrows, supra;* Gerard Titles, 499.

On the other hand, the vendees upon execution of said contract became in equity the owners of the farm and vested with practically all the rights and subject

to practically all the obligations of a mortgagor in possession. *Thomson* v. *Smith, Williams* v. *Haddock, Van Wyck* v. *Alliger, supra;* 39 Cyc. 1303, 1626.

The interest of said vendees in the farm is real property, and in case of death it would descend to their heirs. *Palmer* v. *Morrison,* 104 N. Y. 132, 138; *Hathaway* v. *Payne, supra; Abate* v. *Bianco,* 143 App. Div. 511, 512; *Stewart* v. *Long Island R. R. Co.,* 102 N. Y. 601, 624. The vendees could maintain an action for damages to the farm or buildings thereon caused by the wrongful or negligent act of another. *Moore* v. *Taylor, supra; Hays* v. *Miller,* 6 Hun, 320; affd., 70 N. Y. 112. If the farm had been taken by eminent domain, the damages awarded would belong to the vendee subject to the lien of the vendor. *Clarke* v. *Long Island Realty Co., supra.* If the buildings on the farm had been destroyed by fire, the loss would have fallen on the vendees. *Sewell* v. *Underhill,* 197 N. Y. 168. The interest of the vendees is insurable (*Van Wyck* v. *Alliger, supra*) and may be subject to dower. *Champion* v. *Brown,* 6 Johns. Ch. 398; *Hicks* v. *Stebbins,* 3 Lans. 329; *Williams* v. *Kinney,* 43 Hun, 1; affd., 118 N. Y. 679. The vendees may cut timber on the land and would not be liable for waste unless the security of the vendor is impaired. 39 Cyc. 1626; *Van Wyck* v. *Alliger, supra.*

From the evidence before me it appears that under the laws of the state of North Dakota, the vendee, under an executory contract for purchase and sale of real property, is the equitable and beneficial owner of the real property, the vendor holding the legal title in trust for the vendee and merely as security for the payment of the purchase money, the interest of the vendor being regarded as personal property; and that the vendor is in practically the same position as though he had conveyed the land to the vendee and taken back a mortgage for the purchase price.

The appellant does not deny the existence of the general rule that in equity, on the execution of the contract, the interest of the vendor is converted from real property in the farm to personal property in the purchase price; but he argues that at law no such change occurs; that the vendor's interest remained real property, and, therefore, the rule of equitable conversion should not be applied in determining whether the transfer of the property in question is subject to a transfer tax; that the tax should be imposed on the property in the form in which it stood at the time testatrix died; and cites in support of this argument *Matter of Swift,* 137 N. Y. 77; *Matter of Sutton,* 3 App. Div. 208; affd., 149 N. Y. 618.

The two cases last above cited hold, in substance, that where a testator directs the executor of his will to sell real property and to pay the proceeds thereof to certain named beneficiaries, even though such direction amounts to an equitable conversion of the real property into personal property, the transfer tax should be imposed upon the property in the form in which it stood when the testator died without regard to the rule of equitable conversion; and to the same effect is *Matter of Offerman,* 25 App. Div. 94.

It seems to me that the three cases last above mentioned are clearly distinguishable from the case under consideration. In those cases nothing had been done before the death of the testator which in any way affected or changed his title or interest in the property transferred. No other person had acquired any title or interest in the property. While in the case before us the interest and title of the testatrix in the farm were changed at the time of the execution of the contract from real to personal property, and was personal property at the time of her death, and the interest of the purchasers in the farm on execution of the con-

tract was real property. The interest of the vendor and vendees became fixed on the execution of the contract, and on the death of the vendor the same interest that she then held was transferred.

When the three cases last above mentioned were decided section 243 of the Tax Law provided: " The words ' estate and property,' as used in this article, shall be taken to mean the property or interest therein of the testator or intestate  *  *  *  passing or transferred to those not herein specifically exempted from the provisions of this article, and not as the property or interest therein passing or transferred to individual legatees, devisees, heirs," etc.   Since said decisions were made and before the death of the deceased herein, said section 243 was amended so as to read as follows: " The words ' estate and property,' as used in this article [taxable transfers], shall be taken to mean the property or interest therein passing or transferred to individuals  *  *  *  and not as the property or interest therein of the decedent  *  *  *."

Briefly stated, appellant contends that the legal rule which regards the vendor's interest as real property, and not the equity rule which regards the vendor's interest as personal property, should be applied in determining whether the property in question is subject to a transfer tax. I cannot assent to this contention. From the moment of the execution of the contract, the property rights and interest of the parties, and those claiming under them, are fixed and determined by this equity rule whenever the same comes in question, and on the death of the party this same rule determines whether his interest under the contract is real or personal, and, therefore, to whom it shall pass; and there seems to be no reason why the same rule should not be applied in determining whether the

transfer of the property in question is subject to a transfer tax.

It seems to me that the legal rule above referred to no longer has any practical application to a case like the one before us, and that the said equity rule or equitable conversion rule has supplanted said legal rule, and, by virtue of section 2672 of the Code of Civil Procedure, is a rule of law as applied to the case under consideration; and it is sometimes said to be a rule of law and equity. *New York Central & Hudson River R. R. Co.* v. *Cottle,* 102 Misc. Rep. 30.

If Mrs. Boshart had died intestate a resident of this state survived by "A," her only heir at law, and " C," her only next of kin, without the slightest doubt the legal title to the farm would descend to "A" and be held by him, the same as she held it, as mere security for payment of the purchase price owing on the contract, while the amount owing on the contract would go to the administrator of her estate as personal property, and it would be his duty to collect of the vendees the amount owing on the contract, and, if necessary for that purpose, to foreclose the contract, and to pay the amount collected by him, less expenses, commissions, etc., over to " C," and "A" could be compelled to convey the legal title to the farm to the vendees, or,.in case of foreclosure, to the purchaser, or the same might be conveyed by the administrator pursuant to section 2697 of the Code of Civil Procedure; and the transfer to " C " of the net amount collected on the contract would be subject to a transfer tax, while the transfer of the legal title to "A" would not be subject to such tax, for the reason that he is not benefited thereby, and as to him it is of no value.

The logical result which follows an application of the foregoing illustration to the case before us is

obvious, especially if we bear in mind the rule that on the death, intestate, of the owner, real property passes to the heir and personal property to the next of kin.

In view of the authorities above cited, and especially in view of section 2672 of the Code of Civil Procedure, I have reached the conclusion that Mrs. Boshart's property at the time of her death was in the contract and amount owing thereon and not in the farm, that said property is intangible and not tangible property, and since she was not a resident of this state the transfer of said property is not subject to a transfer tax.

Decreed accordingly.