Tibeau *v.* Tibeau.

JEROME TIBEAU, Respondent, *vs.* JOSEPH TIBEAU, Appellant.

1. The cancellation or destruction of a deed will not revest the title of the alienee in the alienor, although it may be done by mutual consent and with a view to that object.

2. Law and equity being now blended, an equitable title arising out of a contract for the sale of land is a defence to an action instituted to recover possession of the land.

3. Possession of land under a contract of sale, and payment of the purchase money, is a good defence to an action brought by the alienor for the possession.

### *Appeal from St. Louis Circuit Court.*

This was an action commenced by Jerome Tibeau against Joseph Tibeau. The petition stated that the defendant, in 1835, conveyed to the plaintiff a tract of land in St. Louis county; that the plaintiff, in 1839, deposited the deed for record in the 'recorder's office of said county; that soon afterwards, it was agreed between plaintiff and defendant, that plaintiff should give defendant a mortgage on said land to secure the payment of certain indebtedness, and that plaintiff authorized defendant to obtain the deed from the recorder's office, in order that the mortgage might be drawn up and executed; that defendant did obtain the deed from the recorder's office, and afterwards said that no mortgage need be executed, but that he would retain the deed until the indebtedness was paid; that plaintiff then supposed the deed had been recorded, but about two years before this suit was brought, he discovered that it had not been; that plaintiff had tendered to defendant the amount of the indebtedness, and had demanded of him said deed, but defendant refused to deliver it up, alleging that he had destroyed it. Plaintiff alleged that he held possession of, and lived upon the land until March, 1851, when he moved off, and defendant unlawfully took possession, and continues to hold it, claiming it as his own. The prayer of the petition was, that the defendant be ordered to deliver up the deed, or if the same had been destroyed, that he be required to convey the

land to the plaintiff. The plaintiff also prayed judgment for the possession.

The defendant, in his answer, admitted the sale and conveyance of the land to the plaintiff, but denied that the subsequent transaction was a mortgage. He alleged that the plaintiff being in great pecuniary difficulty, besought him to purchase back the land, and that he finally consented to do so, and in payment for the same, he endorsed plaintiff's notes to enable him to raise the money, which notes, he (defendant) afterwards paid according to agreement; that it was agreed between them that the plaintiff should execute a deed reconveying the land, but afterwards, ascertaining that the deed from defendant to plaintiff had not been recorded, it was agreed that the same should be destroyed, with the intention thereby to revest the title in the defendant. The answer admitted the plaintiff's possession after the destruction of the deed, but alleged that it was with the permission of the defendant.

At the trial, the plaintiff rested upon the admissions in the answer. The defendant then offered evidence tending to show a sale of the land to him by plaintiff. Joseph Tibeau, father of both parties to the suit, stated that the plaintiff passed a day at his house, and told him that the defendant had paid two debts for him, and he was going to see him, and if he would pay another, he would let him have his land. Louis Tibeau stated that plaintiff told him that he had sold the land to defendant. There was testimony that the plaintiff did not assert any claim to the land, until it began to become valuable. There was evidence that plaintiff made improvements on the land, but no evidence of any improvements made by defendant.

The court refused all the instructions asked by the defendant, and gave the following for the plaintiff:

"There is no evidence before the jury that Jerome Tibeau agreed to the cancellation or destruction of the deed by Joseph to him."

*A. P. & P. B. Garesché,* for appellant.

*Frémon & Reber,* for respondent. The instruction given

by the court was proper. There was no evidence that the plaintiff had consented to the destruction or cancellation of his deed, and in fact no evidence that the deed had been destroyed. But even if it had been specially found that the deed had been destroyed by plaintiff's consent, this would not revest the title in the defendant. The title to things which lie in *livery*, is not destroyed by a destruction of the deed, which is only the evidence of title. It is otherwise as to things which lie in grant. 1 Greenleaf, p. 314, §265. Roberts on Frauds, 249–50. *Botsford* v. *Morehouse*, 4 Conn. 555. *Jackson* v. *Chase*, 2 J. R. 84. *Doe, ex dem. Lewis* v. *Bingham*, 4 B. & Ald. 672. *Bolton* v. *Bishop of Carlisle*, 2 H. Black. 263. 6 East, 100. 8 Cowen, 71. 7 Wend. 364. A contrary opinion is supposed to be held in some cases in Massachusetts and New Hampshire. *Tomson* v. *Ward*, 1 N. H. 9. *Farrar* v. *Farrar*, 4 N. H. 195. *Commonwealth* v. *Dudley*, 10 Mass. 404. 7 Pick. 105. But we apprehend that an examination of these cases will show that the judgments rested on different grounds than any forced construction of the statute of frauds or fraudulent conveyances will afford. But the appellant may contend that he re-purchased the land of the respondent, and took and held possession of it, and so his purchase was valid, notwithstanding there was no writing to take the case out of the statute of frauds ; that he has a good title in equity if not at law. It is conceded that, on a treaty of purchase, the payment of the purchase money, the delivery of possession, and the making of valuable improvements will avoid the plea of the statute of frauds. *Johnson* v. *McGruder*, 15 Mo. Rep. 370. But in this case, the contract of resale was only proved by rumor, there was no proof of the payment of the purchase money, the defendant admitted that plaintiff was in possession after the alleged resale, and it was proved that *plaintiff* made improvements after that time, and not the defendant. So that there was a total failure on the part of the defendant to make out a case entitling him to call on the plaintiff for a conveyance. The judgment is substantially correct, and for the right party.

Tibeau *v.* Tibeau.

SCOTT, Judge, delivered the opinion of the court.

The law was correctly stated by the plaintiff that the cancellation or destruction of a deed conveying land will not revest the title of the alienee in the alienor, although it may be done by mutual consent and with a view to that object. But we do not see how this principle affects the defendant. Admitting that the legal title was in the plaintiff, the pleadings and evidence in the cause show that the defendant relied on the defence that there was such a part performance of a parol agreement respecting the sale of the land in controversy, as will entitle him to a judgment in this action. Law and equity being now blended, an equitable title arising out of a contract for the sale of land, is a defence to an action instituted to recover the possession of the land, the subject of the contract.

The instruction given by the court that there was no evidence before the jury that the plaintiff agreed to the cancellation of the deed by the defendant to him, only impliedly affected the point in controversy, as the destruction of the deed, without the consent of the plaintiff, would only be a circumstance showing that he made no contract respecting the land. But the error of the instruction is, that it took the case from the jury. The jury was sworn to try the issue, and there were facts and circumstances from which they might have found the defence set up by the defendant. The jury should have been directed that, if there was a contract for the sale of the land, and the purchase money was paid, and possession given up or delivered in pursuance to it, they ought to find for the defendant.

The views here presented are equally applicable, whether this be regarded as a suit to recover the possession of the land in dispute, or to compel a delivery of the title deed upon the payment of the money to secure which the title paper was left or deposited with the defendant.

The other judges concurring, the judgment will be reversed and the cause remanded.