Milton H. Thomson et al., Respondents, v. Martin Smith et al., Survivors, etc., Appellants.

An action to foreclose a lien for the purchase money under a contract for the sale of land, cannot be maintained by the representatives of a deceased vendor where it is not alleged or shown that they have tendered, or are willing, ready and able to give, a deed; at least unless the person taking the legal title to the premises, either as heir or devisee, is made a party so as to be bound by the judgment.

*Freeson* v. *Bissell* (*ante*, p. 168) distinguished.

(Submitted November 19, 1875; decided November 30, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court upon trial at Special Term.

This action was brought by plaintiffs, as executors of Jesse Thomson, deceased, to enforce an alleged lien for the purchase money under a contract for the sale of certain premises made between plaintiffs' testator, as vendor, and defendants, as vendees.

The complaint set forth the contract, the payments thereon, the amount due and unpaid (it being the whole sum unpaid), the death of the testator, leaving a will, and the issuing of letters testamentary to the plaintiffs; and these facts were proved substantially. No tender of a deed was alleged or proved, and no offer to convey was made. This objection was taken in the answer. The will was not produced in evidence and it did not appear what disposition was made thereby of the premises in question. Defendants' counsel moved to dismiss the complaint on the opening, and also moved for a nonsuit upon the ground, among others, that no conveyance of the premises had been given, tendered or offered. These motions were denied, and plaintiffs' counsel duly excepted.

The court directed judgment to the effect that if the sum found due was not paid within thirty days after entry of judgment that the premises be sold, as in case of mortgage foreclosure, and defendants be required to pay any deficiency. Judgment was perfected accordingly.

*Richardson & Adams* for the appellants. The action cannot be maintained. (*Beecher* v. *Conrad*, 3 Kern. [13 N. Y.], 108; 58 Barb., 269; 22 How., 325; 3 Keyes, 50; *Smith* v. *McClusky*, 45 Barb., 611; *Morange* v. *Morris*, 32 How., 178, 180; *Gardner* v. *Carson*, 15 Mass., 500; *Grant* v. *Johnson*, 1 Seld., 247; *Holmes* v. *Holmes*, 5 id., 525; *Frey* v. *Johnson*, 22 How., 316, 325; *Green* v. *Reynolds*, 2 J. R., 207; 2 R. S., 82, § 6; 3 id. [5th ed.], 170, § 12; Dart on Vend. and Purch., 121; 1 J. Ch., 52; *Bogert* v. *Perry*, 17 J. R., 351; Story's Eq., § 551; *Adams* v. *Green*, 34 Barb., 182; *Griffith* v. *Beecher*, 10 id., 432, 434; *Moyer* v. *Hinman*, 3 Kern., 180; *Parks* v. *Jackson*, 11 Wend., 442.)

*C. D. Adams* for the respondents. The action was properly brought by the executors and they were entitled to the relief demanded. (34 Barb., 173 ; 40 id., 425 ; Adams' Eq., 301 [* 140] ; 15 Ves., 339 ; *Champion* v. *Brown*, 6 J. Ch., 39 ; Story's Eq. Jur., § 1218 ; *Clark* v. *Hall*, 7 Paige, 382 ; *Bradley* v. *Basley*, 1 Barb. Ch., 125 ; 1 Hopk. Ch., 530, 546.)

EARL, J. Jesse Thomson, in his lifetime, executed to the defendants Smith a contract for the sale and conveyance to them of the lands in question. Before performance of the contract on either side, he died, leaving a will, and these plaintiffs were appointed his executors. The defendants paid a portion of the purchase money to Thomson in his lifetime, and a portion since his death, leaving a large amount still due and unpaid ; the whole of the balance having been due for several years before the commencement of this action. By the contract of sale, the land conveyed became real estate in the purchasers, and would descend as such to their heirs or devisees. The vendor held the legal title as trustee for the purchasers. The purchase money due upon the contract was, as to him, personal estate, and, upon his death, passed to his personal representatives as part of his personal estate ; and the legal title to the real estate passed to his heirs or devisees in trust for the purchasers. (Dart on Vendors and Purchasers, 121 ; *Lewis* v. *Smith*, 9 N. Y, 502, 510 ; *Moore* v. *Burrows*, 34 Barb., 173 ; *Adams* v. *Green*, id., 176 ; *Champion* v. *Brown*, 6 J. Ch., 398 ; *Moyer* v. *Hinman*, 13 N. Y., 180 ; *Schroeppel* v. *Hopper*, 40 Barb., 425.)

· It does not appear what became of the legal title to the land upon the death of Jesse Thomson, but, as he left a will, it must be presumed that it passed under the will to some devisee. The person taking the legal title under the will should properly have been made a party to this action, so as to be bound by the judgment. He might be able successfully to defeat the contract, and, if not a party, the purchaser under·the judgment might not get a good title. (40 Barb.,

*supra.*)   But this objection was not taken in the answer or upon the trial, and hence will not be further considered.

The complaint did not allege, and it did not appear upon the trial, that the plaintiffs were able to convey, or that they or their testator had ever offered to convey the lands to the purchasers or their assignee.   The objection was distinctly taken in the answer, and upon the trial, that the plaintiffs could not maintain this action because they had not offered or tendered a deed of the land.   And the important question to be considered is, whether the plaintiffs, without alleging or showing that they had any title to the land, or that they had tendered any deed, or were willing, ready or able to give one, can maintain this action for the foreclosure of their lien for the purchase money.   This question must be answered in the negative.   The whole purchase money remaining unpaid was due; and if this had been an action at law to recover the same, it is well settled that a recovery could not have been had without alleging and proving an offer to convey, according to the contract, before suit brought. (*Beecher* v. *Conradt,* 13 N. Y., 108; *Morange* v. *Morris,* 3 Keyes, 50; *Smith* v. *McCluskey,* 45 Barb., 610; *Divine* v. *Divine,* 58 id., 269.)   In this case, before the plaintiffs could have sued the defendants for the purchase money, it would have been necessary for them to have procured the execution of a deed by the person holding the legal title, as they could have done under the statute (2 R. S., 194, § 169), and to have offered it to the defendants, and to have alleged these facts in their complaint.   The same rule, however, in all its force, does not apply to an equitable action like this.   This is an action based upon the contract to enforce rights given thereby.   It is an action to enforce payment of the purchase money by a sale of the land held as security therefor, and a personal judgment and execution for the balance.

In equitable actions, when an offer to perform is essential to a recovery, it is sometimes, as in actions for specific performance, held unnecessary to allege or prove an offer to perform before suit brought, but that an offer in the

complaint is sufficient. This distinction between legal and equitable actions grows out of the circumstance, that in the latter actions the courts can protect the rights of any party entitled to performance, in the judgment. This rule as to equitable actions has, in the unreported case of *Freeson* v. *Bissell*,* recently decided in this court, been applied to an action like this to foreclose a lien for the purchase money due upon an executory contract for the sale of land. In that case there was no allegation in the complaint, and no proof upon the trial of an offer to convey, and a judgment for plaintiff was upheld. It was held unnecessary, for reasons applicable to equitable actions only, to show an offer to perform before suit brought, and the complaint was held sufficient because the objection was not taken in the answer or upon the trial, that it did not allege an offer to perform. In that case, the vendor was plaintiff, and there was no judgment for any deficiency against the vendee. Here the plaintiffs did not represent the legal title; there was no offer to convey in the complaint, and the objection was taken. And while the judgment gives defendants thirty days in which to pay the amount found due, in order to save their land from a forced sale, it makes no provisions for giving or securing them a title upon payment. They might pay and the person holding the legal title might thereafter successfully dispute the validity of the contract. And, further, there is a judgment against them for a deficiency, without any allegation or proof that any conveyance had been offered, and without any provision that any should ever be given to any one by the person holding the legal title.

This case is clearly distinguishable from the one above referred to. And without considering other questions involved in the case, for the reasons above stated, the judgment must be reversed and new trial ordered, costs to abide event.

All concur.

Judgment reversed.

* *Ante,* p. 168.