By the Court.
The plaintiff, Mrs. Biden, and her sister, Mrs. Moore, since deceased, made a written contract to sell to defendant James certain land. James paid $4,000, part of the contract price, and went into possession. Some $4,000 remained unpaid.
After this action was commenced Mrs. Moore died and Mary T. Biden, her executrix, with a power of sale of real estate, was made a party plaintiff in her place.
The action takes the equitable view that the purchaser in possession is in equity the owner of the land, and the vendor is in equity a mortgagee for the amount of the unpaid purchase money. It asks, therefore, a foreclosure of the contract; that within a time to be fixed the defendants shall pay the amount due, otherwise that the premises be- *735 sold, and from the avails plaintiffs be paid, and that there be a judgment over for deficiency.
The contract set up in the complaint is one signed only by James. On the trial the plaintiffs asked and obtained leave to amend by setting up that the contract was in duplicate, and one part was executed by them. This was granted. But plaintiffs finally did not avail themselves of this privilege.
The defendant objects that the contract was void because not signed by the vendor But the taking possession by the vendee was a part performance, and the contract will be enforced in equity. The defendant cannot remain in possession under a contract and still insist that it is void. 2 Bevised Statutes, m. p. 135, § 10; Pomeroy’s Eq., 1409.
There was a tender at the trial of a deed. That was sufficient. Fresson v. Bissel, 63 N. Y., 168.
The executrix of the deceased owner had the power to convey by the will of the decedent. And, therefore, the objections taken in Thomson v. Smith (63 N. Y., 301), do not apply. The difficulty in that case was that the persons-capable of conveying were not shown to be parties to the action, and, therefore, there could not be a tender of deed. Nor would the defendants in that case be certain to obtain a deed on payment of the money, since it did not appear that those plaintiffs could convey. In this present case the defendant is protected. If he pays to the plaintiffs the purchase money within the time limited he can have a deed; either the deed tendered at the trial, or one to be executed by the plaintiffs under the judgment of the court.
The purchase money is of course payable to the plaintiffs, and they have power to convey the legal title.
Furthermore, if there Was a defect of parties, that should have been pleaded by demurrer or answer, otherwise it was waived. Code, §§ 488, 498, 499.
We think the judgment should be affirmed, with costs.