CASE 91—PETITION ORDINARY—OCTOBER 23.

# Morton v. Dickson.

### APPEAL FROM MASON CIRCUIT COURT.

RIGHT OF VENDOR TO MAINTAIN EJECTMENT UPON FAILURE OF VEN-
DEE TO PAY PURCHASE-MONEY.—The fact that a vendee in posses-
sion of land under a title bond has failed to pay the purchase-money
does not entitle the vendor to maintain ejectment. Since the adop-
tion of the practice permitting equitable defenses to actions at law
the vendee may rely upon his equitable title. And as the action can
not be maintained in any event, it is immaterial whether there was
or not notice to quit, or demand of possession.

WALL & WORTHINGTON FOR APPELLANT.

1. The interest of a vendor in land that he has sold but not conveyed is
subject to execution, although the vendee has entered into possession
under the contract of sale. (Riley v. Million, 4 J. J. Mar., 395;
Million v. Riley, 1 Dana, 359; Butts v. Chinn, 4 J. J. Mar., 641.)

The possession of a vendee under an executory contract of purchase
is presumptively not adverse to the vendor. (Sprigg v. Albin, 6 J.
J. Mar., 162; Ogden v. Walker, 6 Dana, 421; Griffith v. Dicken, 2
B. M., 21; Craig v. Austin, 1 Dana, 518; Higgenbotham v. Fishback,
1 A. K. Mar., 506; Henderson v. Dupree, 82 Ky., 678; Williams v.
Cash, 73 Am. Dec., 739; Dean v. Brown, 87 Am. Dec., 553 and notes.).

2. Whenever plaintiff and defendant derive title from the same source,.
the plaintiff usually need not go behind. this source to prove his
title. (Sedgwick & Wait on Trial of Title to Land, sec. 803 (2d ed.);
Luen v. Wilson, 85 Ky., 503; Smith v. Bradley, 10 Ky. Law Rep.,.
1029; Woolfolk v. Ashby, 2 Met., 289; Addison v. Crow, 5 Dana,
281; Brooks v. Chaplin, 23 Am. Dec., 209; Miller v. Surls, 65 Am.
Dec., 592; Barnard v. Whipple, 70 Am. Dec, 422; Merchants' Bank
v. Harrison, 93 Am. Dec., 285; Smith v. Lindsey, 89 Mo., 76; 2°
Greenleaf on Evidence, sec. 307; 6 Am. & Eng. Encyclopedia of
Law, 245; 3 Smith's Leading Cases, 747 (7th Am. Ed.)

3. Notice to quit was not necessary in order to enable appellant to main-
tain this action. (Adams v. Greenard, 76 Am. Dec., 626; Snowden
v. McKinney, 7 B. M., 258; Stedman v. McIntosh, 42 Am. Dec, 138
(note); Haley v. Hickman, Litt. Sel. Cas., 266; Clason v. Rankin. 1
Duer., 341; 6 Am. & Eng. Encyclopedia of Law, p. 238, n. 2; Sedg-
wick & Wait on Trial of Title to Land, sec. 290; Shackleford v.

Morton v. Dickson.

Smith, 5 Dana, 238; 1 Wood on Landlord and Tenant, sec. 45, p. 124; Springs v. Schenck, 6 Am. State Rep., 554; s. c., 99 N. C., 551; Meraman v. Caldwell, 8 B. M., 32; Peterson v. Laik, 69 Am. Dec., 441; s. c., 24 Mo., 541; Harrison v. Taylor, 82 Am. Dec., 159; s. c., 33 Mo., 211; Williams v. Cash, 73 Am. Dec., 739; s. c., 27 Ga., 507; Freeman on Cotenancy and Partition, sec. 292; Eastin v. Rucker, 1 J. J. Mar., 235; Butts v. Chinn, 4 J. J. Mar., 641; Greer v. Winter smith, 85 Ky., 516; Woods' Landlord and Tenant, sec. 18; Gray v Stanion, 1 M. & W., 695; Burnett v. Caldwell, 9 Wall., 290; Sedgwick & Wait on Trial of Title to Land, sec. 304, 305.)

4. Appellant is the *legal* owner of the land in contest, and an *equitable* title is no defense to an action of ejectment brought by the legal title holder. (Bennett v. Titherington, 6 Bush, 197.)

Cited in petition for rehearing as to the vendor's right to maintain such an action since the Code: Pomeroy on Remedies, secs. 68, 95; Spencer v. Tobey, 22 Barb., 268; Dewey v. Hoag, 15 Barb., 369; Bliss on Code Pleading, sec. 351 and note 4; Newman's Pleading and Practice, 554; Cavilli v. Allen, 57 N. Y., 508; Sedgwick & Wait on Trial of Title to Land, sec. 487–488; 3 Pomeroy's Eq., sec. 1407.)

COCHRAN & SON and EDWARD W. HINES for appellee.

1. The vendor of land by executory contract can not recover the possession of the vendee, who has taken possession under the contract, without at least proof of default of payment of the purchase-money. (Abbott's Trial Evidence, p. 707; Browning v. Estes, 49 Am. Dec., 761; Burnett v. Caldwell, 9 Wall., 290; Gregg v Von Phul, 1 Wall., 274; Sedgwick & Wait on Trial of Title to Land, secs. 304, 306, 307, 310, 317, 394; Fears v. Merrill, 50 Am. Dec., 226; Seabury v. Stewart, 58 Am. Dec,, 254.)

2. The vendor must also show notice to quit prior to the bringing of the action. (Harle v. McCoy, 7 J. J. M., 318; Dennis v. Warder, 3 B. M., 175; Hope v. Cason, 3 B. M., 544; Bedford v. Thomas, 6 B. M., 332; Landers v. Beauchamp, 8 B. M., 493; Harrison v. Hord, 12 B. M., 477.)

The execution purchaser acquires no greater rights than the vendor had, and is as much bound to give notice to quit as the vendor. (Snowden v. McKinney, 7 B. M., 258; Locke v. Coleman, 2 Mon., 12; Riley v. Million, 4 J. J. Mar., 395.)

A vendee's assignee is as much entitled to notice to quit as the vendee himself. (Dennis v. Warder, 3 B. M., 175; Bedford v· Thomas, 6 B. M., 332.)

Cited in reply to petition for rehearing: Tibeau v. Tibeau, 19 Mo., 78; s. c., 59 Am. Dec., 329; Sedgwick & Wait on Trial of Title to Land, sec. 304; Muldrow v. Muldrow, 2 Dana, 387.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.     •

On the 15th of September, in the year 1876, one
O. P. Wright sold to John S. Dickson a tract of
twenty acres of land, executing to Dickson a bond
for title, by which he agreed to make to Dickson a
general warranty deed to the land upon the payment
of the purchase money.    On the 25th of June, in
the year 1885, Dickson assigned this title bond to his
wife, Margaret Dickson, reciting in the assignment
that the purchase money had been paid.    Dickson
and his wife took possession of the land, and have
held it since the date of the purchase.    In the year
1883 the appellant, Robert Morton, obtained a judg-
ment in the Mason Circuit Court against O. P.
Wright, the vendor of the land to Dickson, for one
hundred and fifty dollars and costs, upon which an
execution issued, and was levied on this land for
which Dickson or his wife held the bond for title.
The land was sold, and purchased by the appellant,
who afterwards obtained a deed from the sheriff vest-
ing in him, as he maintains, the legal title.    He ob-
tained his judgment, and the deed under it, after
the execution of the title bond and the delivery of
the possession to Dickson, but prior to the assignment
made by Dickson to his wife, the present appellee,
her husband being dead.    Having this sheriff's deed,
Morton, the appellant, brought his action of eject-
ment against the wife, Margaret Dickson, to recover
the land.    An answer was filed by Mrs. Dickson, al-
leging that she was the equitable owner and in the
rightful possession under the bond for title executed
to her husband and assigned to her; that the pur-

chase money had been paid, and that the husband and wife were in the possession under this purchase long before any judgment was rendered for Morton, and that she, Mrs. Dickson, was in the possession when the execution was levied; in other words, the equitable title is relied on as a bar to the recovery. In the reply the execution of the bond is not denied, nor the fact of possession, but the recovery is based on the idea that the purchase money being yet unpaid, the vendor, or those deriving the legal title through him, may maintain an ejectment for the land; and the court below holding that, as the purchase money had not been paid, Mrs. Dickson was a tenant of the holder of the legal title, and entitled to notice to quit, and, none having been given, for that reason dismissed the action.

The case was submitted on the pleadings alone, and counsel for the appellee maintains that the recital in the assignment by Dickson to his wife shows that the money has been paid, and must be taken upon the submission of the case on the pleadings alone to be true.

We infer the action was brought in the nature of an ejectment, as some of the authorities maintain, for the reason that the vendee having failed to pay the purchase money under his executory contract, could be ejected by an action at law. Some, if not all, of the common law writers say that a vendor may regain possession from the vendee in an executory contract after the latter has failed to perform it on his part; that the vendor may elect either to compel specific performance or treat the contract as rescinded,

and bring his ejectment. (Sedgwick and Wait on Trial of Title to Land, section 306.)

In such cases there must be a demand of possession or a notice to quit. A mortgagee invested, as at common law, with the legal title, was entitled to enter after condition broken, and if we were deciding this case upon the old common law rule, or even as the law existed in our own State prior to the adoption of the practice that permitted equitable defenses to actions at law, we might consider the questions presented by counsel. But such a practice belongs to the past, and now, when the equitable defense is presented, the chancellor will not rescind the contract, although executory, but will require the vendor to ask for a specific performance, unless there is fraud or some other equitable reason for rescission.

When in equity and in the possession the holder of a bond for title is treated as if he held the fee subject to the lien of the vendor, and this necessarily defeats the action of ejectment. Should the vendee repudiate his executory agreement, or if facts are made to appear showing the contract to be void, the action might be maintained; but the failure to pay works no forfeiture of the rights of the equitable owner to the land, or invests the vendor with the right to pursue him as he would a trespasser or a tenant whose time has expired. Where the vendor vests in his vendee an equitable title to land, and places him in possession, although default in payment is made, he has no remedy at law to recover possession by reason of the default. If the appellant had made his purchase and obtained his deed

Morton v. Dickson.

before the entry of Dickson under his equity, a different question would be presented; but in this case the action could not be maintained if demand had been made of the possession and notice to quit given.

The authorities relied on by the appellant from many of the States give to the vendor of land by executory contract various remedies against the vendee who has failed to comply with his contract. The vendor may institute his ejectment after notice to quit, and recover the possession, the vendee being treated after default made as a mere tenant, or the vendor may bring his action at law for the purchase money, or institute his action for a specific performance subjecting the land to the payment of the purchase money. Such is not the rule in this State, and the action of ejectment is never allowed where the vendor, under an ordinary executory contract of sale, has taken from the vendee his purchase money notes and placed him in possession. If the party in possession enters as a purchaser, the vendor can not elect to make himself the owner, and regain the possession by any proceeding at law upon the statement alone that the vendee has failed to pay him.

As said by Scott, Justice, in the case of Tibeau v. Tibeau, 19 Mo., 78: "Law and equity being now blended, an equitable title arising out of a contract for the sale of land is a defense to an action instituted to recover the possession of the land, the subject of the contract."

The actor in this case is the vendor, who seeks by his action at law to recover the possession, when he is only entitled to a lien for the purchase money.

He asks for no other relief. It is a well settled doctrine that a party seeking a specific performance must show, as a condition precedent to his relief, that he has performed, or offered to perform, every thing required of him by the contract, or that he is ready and willing to do that which is required of him upon a compliance on the part of his adversary.

The appellant wants no specific performance, but insists on a recovery of the possession at law, with the purchase-money notes in his pocket. The defense is, that the entry and possession was under a valid contract of sale, and this being shown, defeated the action at law. Prior to the Code, and in the absence of any statute, the equitable defense could not have been made by the vendee, even if she had paid the purchase-money, but the remedy was an appeal to the chancellor for an injunction to prevent the entry upon a rightful possession. If the defendant had been the actor, seeking, as a vendee, to recover the possession by enforcing the contract, the chancellor would have denied her any relief until she paid the purchase-money, if such had been the terms of the contract. No action of ejectment could be maintained upon the equitable title by the vendee, nor relief granted in the nature of a specific performance in equity unless a performance, or an offer to perform, had been shown. It is not conceded or adjudged that a bond for title gives to the vendee a right to the possession before the payment of any part of the purchase money. The right to enter into the possession would depend upon the terms of the executory agreement. If, by the terms of the contract, this right to the possession was

with the vendee, the payment to be made in the future, the chancellor would enforce it as readily as if the purchase money had been paid. Counsel argue this case as if the appellee was endeavoring to obtain the possession when the payment of the money was a condition precedent to the right of entry. The contract shows the injustice that would arise in permitting a recovery of the land in a case like this. The defendant being placed in the possession, the contract recites: "The said purchase money is *now due*, and the said Dickson is to pay eight per cent. interest thereon annually for five years." If, therefore, Dickson, or his assignee, fails to pay the interest annually, the right of entry is claimed, regardless of the value of the land, the improvements made upon it, or any other equitable right of the vendee. What right is taken from the vendor when permitted to subject the land to the payment of his debt? He holds the legal title as a security for the payment of the purchase money. His position is that of a mortgagee holding a lien only that he can enforce in equity, and this being the case there is no reason for permitting the vendor to treat the contract as rescinded to enable him to maintain his action at law. In this case the appellant bought the land under an execution against the vendor, with the appellee, the purchaser, then in possession. He acquired neither an equitable nor a legal title.

Judgment affirmed.