must be granted, notwithstanding the trifling nature of the defects above enumerated. No costs.

Motion granted. No costs.

(33 Misc. Rep. 630.)

## TITCOMB v. FONDA, J. & G. R. CO.

(Supreme Court, Special Term, Fulton County. September, 1902.)

1. VENDEE IN POSSESSION—EQUITABLE TITLE.
   The equitable title of the vendee rightfully in possession of premises under a contract of purchase and sale may be sold or mortgaged.

2. MORTGAGE FORECLOSURE—PARTIES.
   A vendee in possession under contract of sale has an equitable title, rendering him a necessary party to a foreclosure of a precedent mortgage on the property.

3. SAME—EFFECT.
   Where vendee in possession of land under contract of sale is not made a party on foreclosure of pre-existing mortgage, the foreclosure operates only as an assignment of the mortgage to the purchaser at foreclosure sale.

4. EJECTMENT—TITLE TO MAINTAIN.
   Where a necessary party is not made a party on foreclosure, the purchaser at foreclosure sale acquires only an assignment of the mortgage, so that he is not entitled to bring ejectment.

5. SAME.
   Where a vendor has covenanted to convey free of incumbrance, he cannot, on purchasing at foreclosure sale of the property, maintain ejectment against his vendee rightfully in possession, when, because of failure to make the vendee a party to foreclosure, he acquired by the purchase only an assignment of the mortgage.

6. SAME—CONTRACT TO SELL LAND—FAILURE TO PAY PRICE.
   Where, under a contract to sell to a railroad company all the land required for the construction of its road, the company was entitled to take possession, paying taxes and maintaining fences, with no time fixed for payment or delivery of the deed, the vendor cannot bring ejectment because the vendee has not paid the purchase price, as his rights are not based on a license to occupy, revocable at the option of the vendor.

Action by J. William Titcomb against the Fonda, Johnstown & Gloversdale Railroad Company. Judgment for defendant.

N. M. Banker (A. J. Nellis, of counsel), for plaintiff.
Baker & Burton, for defendant.

SPENCER, J. The plaintiff brings ejectment to recover possession of the land occupied by a section of defendant's railroad. The premises were formerly owned by one David Stewart, who on the 19th day of July, 1872, entered into a contract with the Gloversville & Northville Railroad Company by which he agreed to sell and convey to said company, by a good and sufficient warranty deed, free and clear of all incumbrances, all the land said company desired for the construction of its railroad across his farm in Mayfield, N. Y., for the sum of $100 per acre for bottom land, payable in the stock of the company at par, and the sum of $1 per acre in cash for the remainder. The company was to take possession of the land

---

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 12.

whenever necessary for the construction of its road, and to pay all taxes assessed thereon after taking possession, and also make and maintain all necessary fences. No time was fixed for payment or the delivery of deed. Shortly thereafter Stewart mortgaged his land, as a single parcel, to one John C. Titcomb, as security for $1,200, which mortgage was recorded December 12, 1872. After such recording, and in the spring of 1873, the railroad company took possession and fenced a strip running across the land, six rods wide, and built its railroad track thereon; the same forming a section of its main line, and being the premises in dispute. From that time on, said company paid the taxes, kept the premises fenced, and exclusively occupied the same for the purposes of its railroad, until 1881, when its entire line of road was sold under foreclosure of a mortgage given by it as security for its construction bonds. The defendant herein purchased the entire railroad property at the sale, receiving January 22, 1881, the usual referee's deed. The defendant thereupon entered into possession, and since that time has continued to pay the taxes, maintain the fences, and exclusively occupy said premises as a part of its railroad. In February, 1883, Stewart conveyed the balance of said land to one Embling, and on the 5th of May, 1883, the mortgagee, Titcomb, at the request and instance of said Embling, released and discharged the part so sold to Embling from the lien of his mortgage. Titcomb at that time had knowledge that defendant was in possession of the part not so released. Stewart died in 1888, and the mortgagee, Titcomb, in ·1898. Thereafter action was brought by Titcomb's administratrix to foreclose the mortgage. The plaintiff in that action had knowledge of defendant's possession, but neglected to make said defendant, or the Gloversville & Northville Railroad Company, party to the suit. Judgment by default was taken on the 15th of November, 1901, and the property, except the part released to Embling, was sold December 30, 1901. The present plaintiff, son of said mortgagee, with knowledge of defendant's possession, purchased the property at said sale, receiving the usual referee's deed on the 4th· of January, 1902. On the 16th of the same month, he demanded possession from defendant, and, being refused, he on the same day commenced this action to eject the defendant therefrom.

1. The Gloversville & Northville Railroad Company, by virtue of its contract with Stewart, became the equitable owner in possession of the premises in question. Its title was such that it could be the subject of sale or mortgage (Crane v. Turner, 7 Hun, 357; Id., 67 N. Y. 437; Muehlberger v. Schilling, 19 N. Y. St. Rep. 1, 3 N. Y. Supp. 705), and therefore was subjected to the lien of the railroad mortgage. The defendant by its purchase under the foreclosure of that mortgage acquired all the title and interest of the Gloversville & Northville Railroad Company in the premises. It took the place of that company under the contract. Its rights, however, are subject to the lien of the Titcomb mortgage; for, although the contract of sale antedated the mortgage, it was not recorded, and the vendee did not go into possession until after the recording of the mortgage. The defendant, therefore, as to that mortgage, stands

in the position of a subsequent purchaser, and its rights in this action must be determined from that point of view.

2. The defendant was a necessary party to the foreclosure of the Titcomb mortgage. This is the rule as to subsequent grantees (Watson v. Spence, 20 Wend. 260), assignees (Winslow v. Clark, 47 N. Y. 261), and mortgagees (Gage v. Brewster, 31 N. Y. 218), and there is equal reason for its application to vendees in possession under contracts of purchase. Actual possession is sufficient notice to all the world of the existence of any right which the person in possession is able to establish. Phelan v. Brady, 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211. Although I find no decision in this state directly in point, the rule as stated in 9 Enc. Pl. & Prac. p. 307, is that "where the -vendee in a land contract, who is in possession of the mortgaged premises, is not made a party to the foreclosure proceedings, they will operate as against him merely as an assignment of the mortgage to the purchaser at the foreclosure sale." That such must be the law can hardly be open to question. The mortgagor is, for every substantial purpose, the owner of the land, and the mortgagee has merely a lien upon it. Judgments against the mortgagor are liens upon the land, and it may be sold to satisfy them. He may sell it, or charge it with other mortgages. He may create easements or impose other burdens upon it, which can only be removed by foreclosure, making the persons interested parties to the suit. His interest descends to his heirs, as real estate, and is subject to dower or tenancy by the curtesy. He may create terms for years or for life in it, which will be vested against the mortgagee until foreclosure. Packer v. Railroad Co., 17 N. Y. 283, 291. He may also divide it into separate parcels, and sell to divers purchasers; and these, on foreclosure, have the right to require the foreclosure sale to be in parcels (Code Civ. Proc. § 1678), and sold in the inverse order of alienation. It may happen, as was the case here, that the mortgagee, after notice that subsequent purchasers have acquired rights in separate parcels of the mortgaged premises, has shifted the burden of his mortgage from the whole to a .part by releasing the balance therefrom. In such case the mortgagee may not escape responsibility for such interference by the simple subterfuge of not making the subsequent purchasers parties to his foreclosure. To decide otherwise would, in effect, deny all relief to a subsequent purchaser whose parcel has been made to bear the entire burden of the mortgage. It is in no way unreasonable to require the mortgagee upon foreclosure to bring in as parties all persons who have acquired any interest in the premises subsequent to his mortgage, and of which he has notice. His failure so to do should make his foreclosure ineffectual as to them. I find no decision to the effect that notice in foreclosure to the owner of the legal title is notice to all who may have acquired from him an interest in the premises subsequent to the mortgage. Nor do I think such was ever the law. It was not so held as to a junior mortgagee (Gage v. Brewster, 31 N. Y. 218), or as to a subsequent judgment creditor (Reynolds v. Park, 53 N. Y. 36). In Brainard v. Cooper, 10 N. Y. 356, the court say:

"A judgment creditor and every other person being an incumbrancer, or having a legal or equitable lien on the lands, may insist upon a redemption of the mortgage. * * * It rests upon a principle of natural justice that every person having an interest in the mortgaged premises may protect and render it effectual by a redemption of the mortgage, thereby becoming substituted to the rights and interest of the original mortgagee. It is a valuable right, of which no one can be deprived against his consent, without due process of law, affording to him an opportunity of exercising it if he deems it advantageous to his own interest."

In like tenor are other decisions of the same court. Moulton v. Cornish, 138 N. Y. 133, 33 N. E. 842, 20 L. R. A. 370; Ellsworth v. Lockwood, 42 N. Y. 89. Hence we must conclude that this rule applies to a vendee in possession, and that foreclosure without notice to him simply constitutes the purchaser at the sale the equitable assignee of the mortgage. Robinson v. Ryan, 25 N. Y. 320; Winslow v. Clark, 47 N. Y. 261; Townshend v. Thomson, 139 N. Y. 152, 34 N. E. 891. The plaintiff, therefore, so far as he rests upon the Titcomb mortgage, stands in no better position to maintain ejectment against the defendant than did the mortgagee before foreclosure. The statute does not permit a mortgagee to maintain ejectment. Code Civ. Proc. § 1498.

3. Although impotent to affect the equitable rights of the defendant, the Titcomb foreclosure was effectual as to the heirs of Stewart, and served to transfer from them to the plaintiff the legal title to the premises. The parties to this action must, therefore, as to the defense now under consideration, be regarded as the vendor and vendee, respectively, under the Stewart contract of sale. The plaintiff, for the purposes of this action, stands in Stewart's place, and is subject to his limitations under the contract, and may only demand restoration of possession either by virtue of its terms, or because the vendee has forfeited his rights thereunder. The plaintiff, however, has not brought this action upon the contract, or charged a breach thereof, but rests his claim solely upon his legal title derived from Stewart. But legal title does not always carry with it the right of possession. Hunter v. Trustees, 6 Hill, 407. Whatever takes away that right constitutes a defense in ejectment. Defendant has shown that possession came to it rightfully under the contract of sale, and that there has been no default as to the stipulations concerning fences and taxes. The plaintiff contends that defendant, in order to make out its defense, should have gone further, and shown payment of the purchase price. But right of possession in the vendee under the contract was in no way conditioned upon such payment. From the terms of the contract, the presumption is to the contrary. And where it appears, as it does here, that defendant has been let into possession by the owner under a contract of sale, and that the plaintiff's rights are in no way superior to those of such owner, there must be some proof that the defendant's right of possession has been terminated. Says Adams in his work on Ejectment (page 375):

"The claimant must give evidence of the circumstances under which possession was taken, and that the defendant's right to such possession has ceased. If, for example, he was let into possession pending a negotiation for a purchase, it must be proved that he was so let into possession, and that the negotiation has been broken off."

In the American & English Encyclopedia of Law (volume 10, p. 497, 2d Ed.) the rule deemed established by the decisions in actions of ejectment by vendor against vendee is stated as follows:

"But the action [ejectment] cannot be maintained where the vendee is not in default, and it has been held that the burden of proof is on the plaintiff to show such default."

Had the plaintiff brought suit to recover the purchase price, the burden would have been upon him to prove tender of conveyance. Beecher v. Conradt, 13 N. Y. 108, 64 Am. Dec. 535; Ewing v. Wightman, 167 N. Y. 107, 60 N. E. 322. And the same had he brought action to foreclose the lien. Thomson v. Smith, 63 N. Y. 301. Had he brought ejectment for breach because of nonpayment, such nonpayment must have been alleged and proved. Lent v. Railroad Co., 130 N. Y. 504, 29 N. E. 988. If he in the first instance relies upon his legal title, and defendant shows that he is in possession as vendee under a contract of purchase from a vendor under whom the plaintiff claims, the burden shifts, and the plaintiff must then show that the vendee's right of possession under the contract has been terminated. The contract furnishes evidence that the vendee's possession was rightful, and it is a maxim of our law that:

"When the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject. The authorities apply the principle to a partnership, a state of mind, seisin, disability, and many other facts, which, when shown to exist, are presumed to continue until the presumption is rebutted." City of Cohoes v. Delaware & H. Canal Co., 134 N. Y. 397, 407, 31 N. E. 887.

The burden of proof was therefore upon the plaintiff to show breach of the contract by the vendee, and this he has failed to do.

4. But whatever may be the general rule as to the burden of proof, I think the peculiar circumstances of this case supply presumptive proof that the vendee is not in default under the contract of sale. The vendor has never been in a situation to perform his part of the contract. He expressly covenanted to convey free and clear of all incumbrances, and therefore, so long as the Titcomb mortgage remains, he is impotent to convey within the terms of his covenant. Tender of payment by the vendee under such circumstances would be ineffectual for any purpose, except to put the vendor in default; but the present question is not as to breach by the vendor, but performance by the vendee. Proof of the existence of the incumbrance is, as against the vendor, prima facie evidence that he has not put the vendee in default. No time having been fixed either for payment of the purchase price or delivery of the deed, payment and conveyance became dependent acts. Ewing v. Wightman, supra. The vendee will not be required to pay the purchase price to the vendor, and trust to a remedy by action for damages in case the vendor should fail to remove the incumbrance (Morange v. Morris, 42 *N. Y. 48); and, if payment be not required, neither will tender of payment be required. The vendee's readiness to pay upon demanding conveyance is all that is necessary on his part to put the vendor, whose property is incumbered, in default. And so when the

vendor brings ejectment, and it appears that the property is subject to an incumbrance, such fact, in the absence of other evidence, is presumptive proof that the vendee is not in default. Consequently there is no evidence here that either party is in default, and where a party is not in default the presumption is that he has forfeited none of his rights.

5. Neither does right of possession in the plaintiff spring from any condition contained in the contract. It is not the ordinary land contract, familiar to the courts, and under which the vendee. enters into possession merely as licensee. In this respect it differs from the one in Risley v. Rice, 40 Hun, 585, where no right to the possession was given to the vendee. Here the contract expressly provides for the vendee's possession for a purpose indicative of permanency. Maintenance of fences and payment of taxes after possession taken is stipulated for, and the performance of these terms on the part of the vendee has been established by proof. Possession is not conditioned upon payment of the purchase price. The vendor reserved no right of entry; the landlord and tenant clause is absent; also the security clause; no time was fixed for the delivery of the stock certificates in payment for the bottom land, or for the payment of cash for the remaining land, or for the delivery of the deed. I think these features of the contract take it out of the line of decisions holding that, because the vendee pays nothing for the enjoyment of the property, he holds possession as licensee only, and that the vendor may revoke the license at pleasure. The facts in this case come very near to the facts in Wright v. Moore, 21 Wend. 230, where the contract also provided for the vendee's possession. But that decision was made in an action at law where the defendant's only relief obtainable was damages on the covenant, and under a system of procedure where equitable relief was obtainable only in chancery. That system does not now prevail, and it is fair to presume that had the defendant in Risley v. Rice, supra, been entitled to the possession under the terms of his contract, a different determination of that action would have been had. If I am correct in the conclusions expressed, it follows that the plaintiff has not established his right to immediate possession, and that the defendant is entitled to judgment dismissing the complaint with costs. Let judgment be entered accordingly.

Judgment accordingly.