(50 Misc. Rep. 130.)

### EDELSTEIN v. HAYS et al.

(Supreme Court, Special Term, New York County. March, 1906.)

RELIGIOUS SOCIETIES—POWER TO CONVEY LAND—LEAVE OF COURT.

Testatrix devised to a religious corporation, under the residuary clause of a will, lands which she had before death contracted to sell and convey. *Held*, that the corporation took the legal title to such lands as a trustee for the vendee, to whom it was bound to convey on performance by the

vendee of the contract, without leave of court, though under Laws 1902, p. 563, c. 208, a religious corporation is not authorized to sell or mortgage any of its real estate without such leave.

Action by David Edelstein against Elizabeth A. Hays and others for specific performance. Judgment for defendants.

Maurice Rapp, for plaintiff.

Arrow, Smith & Dunn, for defendant Hays.

Leon Laski, for defendant Sullivan.

DAVIS, J. This action is brought to obtain specific performance of a contract for the sale of premises 205 East 118th street, New York City. The contract sought to be enforced was made on April 12, 1905, between Lucretia A. Tooker, then owner of the premises in question, and Samuel M. Hoffberg and Peyster Bookstaver. The contract was subsequently assigned by the vendees to the plaintiff. Under this contract, title was to be taken on or before September 15, 1905; but the closing was duly adjourned to October 6, 1905, title to be taken as of September 15, 1905. But before the date of closing, and on June 7, 1905, the vendor, Lucretia A. Tooker, died, seised of the premises in question and leaving a will dated May 4, 1887. The will was duly proved and admitted to probate in the county of New York on September 13, 1905; and letters testamentary were duly issued to the defendant Elizabeth A. Hays, as sole executrix, her coexecutor having predeceased the testatrix. Under the residuary clause in this will, the premises in question here were devised in general terms to the defendant corporation, a religious corporation organized under the laws of the state of New York.

On the adjourned day, October 6, 1905, at the time and place agreed upon, the defendant Elizabeth A. Hays, as executrix, and the defendant corporation, tendered to the plaintiff a duly executed and acknowledged bargain and sale deed of the premises in question, containing a covenant against grantor's acts, made by the defendant corporation to the plaintiff, conveying the fee of said premises free and clear of all incumbrances, except as stated in the contract, and a duly executed and acknowledged quitclaim deed of the same premises by said Elizabeth A. Hays, as executrix of the last will and testament of Lucretia A. Tooker, deceased, to the plaintiff. There was also tendered a receipt for the balance of the purchase money, duly signed by said executrix, and a certified copy of a resolution of the board of trustees of said defendant corporation, approving and authorizing said sale and the execution and delivery of said deed and the carrying out of the contract. On his part the plaintiff tendered the balance of the purchase money and offered to execute and deliver the purchase-money bond and mortgage, but refused to accept the deeds above referred to.

The chief objection, raised by the plaintiff at the closing and now relied upon by him as a basis for a decree in his favor, is that the defendant corporation, being a religious corporation, cannot sell or convey its real estaae without leave of this court, and that such leave had not been obtained. There are other objections raised, but they were in effect abandoned at the trial, as being technical, rather than sub-

stantial. I refer to the objection based on the lack of power of the executrix to convey because the will contained no power of sale, and the objection that the deed tendered by the defendant corporation was a bargain and sale deed, and not a warranty deed. The real question to be determined, then, is whether the defendant religious corporation had power to convey the premises in question without first obtaining leave of this court, pursuant to section 11 of the religious corporation law (Laws 1902, p. 563, c. 208). This section provides that:

"A religious corporation shall not sell or mortgage any of its real property without applying for and obtaining leave of the court therefor pursuant to the provisions of the Code of Civil Procedure."

In the case at bar the defendant corporation had not sold the property, nor did it propose to convey its own property, nor was it entitled to the proceeds, and, therefore, could make no application of those proceeds. No consideration was to pass to it. It was a mere instrument for the conveyance of the title to the equitable owner. Madison Avenue Baptist Church v. Baptist Church in Oliver Street, 46 N. Y. 131. I think the statute referred to applies only to a case where the corporation is disposing of or mortgaging its own property for the purpose of raising money for some proper object of the religious corporation. I am confirmed in this view by reference to the Code provisions on the subject. Section 3391 of the Code requires that the petition set forth, among other things, a "description of the real property to be sold, * * *" that the interests of the corporation will be promoted by the sale, etc., the market value of the remaining real property of the corporation and the cash value of its personal assets, and the total amount of its debts and liabilities, and how secured, if at all, and the application proposed to be made of the moneys realized from such sale, etc. All these requirements show that the purpose of the statute was to have the court determine whether, in view of the financial condition of the corporation and the proposed application of the proceeds of the proposed sale, it is advisable and proper to permit the sale of property owned by the corporation.

Under the peculiar circumstances of this case, the defendant corporation did not own the property sought to be conveyed. It merely held the legal title as a trustee for the vendee. It was bound to convey the legal title to the vendee named in the contract, and the proceeds of the sale must go to the executrix as personal property. Thomson v. Smith, 63 N. Y. 301; Potter v. Ellice, 48 N. Y. 321, 323; Williams v. Haddock, 145 N. Y. 145, 150, 39 N. E. 825. Under the circumstances, I conclude that the plaintiff should have accepted the deeds and receipt tendered, without insisting upon the defendant corporation first getting leave to convey from this court.

Judgment for the defendants dismissing the complaint, with costs; the rights of the parties to be adjusted on closing as of September 15, 1905.