TALLEY *et al.* v. KINGFISHER IMPROVEMENT Co.

No. 72.    Opinion Filed July 13, 1909.

(103 Pac. 591.)

1.  **VENDOR AND PURCHASER—Remedies of Vendor—Ejectment.**
    A vendor cannot maintain ejectment against a vendee in possession under an executory contract of purchase and not in default.

2.  **VENDOR AND PURCHASER—Remedies of Vendor—Burden of Proof.** In ejectment by a vendor against a vendee in possession under an executory contract of purchase for an alleged default in said contract, the burden of proof is on the vendor to prove such default.

(Syllabus by the Court.)

*Error from District Court, Comanche County; F. E. Gillette, Judge.*

Action by the Kingfisher Improvement Company against May B. Talley and others. Judgment for plaintiff, and defendants bring error. Reversed.

*Shartel, Keaton & Wells,* for plaintiffs in error, citing: *Arguello v. Bours* (Cal.) 8 Pac. 49; *Tibeau v. Tibeau,* 19 Mo. 78; *Turpin v. Railroad Co.,* 105 Ill. 11; *Gigler v. Baker* (Neb.) 58 N. W. 1026; *Morton v. Dickson* (Ky.) 14 S. W. 905; *Holcomb v. Dowell,* 15 Kan. 289; *Coolbaugh v. Roemer* (Minn.) 21 N. W. 472.

*Stevens & Meyers,* for defendant in error.

TURNER, J.    On July 3, 1903, the Kingfisher Improvement Company, defendant in error, plaintiff below, brought suit in ejectment against May B. Talley, plaintiff in error, defendant below, in the district court of Comanche county, to recover possession of lots 1, 2, 3, 4, 5, and 6, in block 13 in the town of Waurika. Her answer contains a general denial, and, insubstance, states: That on or about the 18th day of June, 1902, in said town, she entered into contract in writing with plaintiff in which plaintiff

agreed to convey said lots to her by warranty deed in consideration that she within 10 days thereafter begin the erection of a hotel building; that within said time she did begin the erection of a hotel building on said lots by placing thereon at the expense of $296 a stone foundation 30x39 feet, preparatory to erecting a two-story frame building; that the same was done in good faith for the purpose of carrying out her part of said contract; that, if deprived of the possession of said lots, she will lose her improvements and will be irreparably damaged and prays for general relief.

On a second trial the cause was tried to the court. To maintain the issues on its part, plaintiff introduced in evidence a patent to a tract of land, of which these lots were a part, from the United States to James McGraw, proved that the same had been platted and dedicated for town-site purposes and deeded by said McGraw and wife to plaintiff, that plaintiff had not conveyed said lots, that the same were in the possession of defendant, and rested. To maintain the issues on her part defendant introduced in evidence the contract set forth in her answer and proved that within the 10 days specified therein, to wit, within five days thereafter, in good faith with intent to perform her part thereof commenced and worked continually to lay a stone foundation for a two-story frame hotel building thereon, 36x90 with outside walls and two "center" walls, and completed the same as rapidly as she could at a cost to her of some $500 or $600, that the same was still upon said lots, that she was prevented from completing said hotel building for want of funds and this suit, and rested her case. The court thereupon rendered judgment in favor of plaintiff, from which she appeals, and says that the same is contrary to law and the evidence.

In this we concur. There can be no doubt as to the nature of this transaction. It is clearly one where defendant entered into possession of the property in controversy under an executory contract of purchase. It is in writing and is unambiguous. Therein it is recited that plaintiff "has this day sold and agreed to convey" to

defendant "by general warranty deed" the lots sued for, in consideration that thereon a hotel building be "commenced within 10 days." Her uncontradicted testimony is to the effect that this was done. No evidence tends to prove the contrary. The only question before us is whether a suit in ejectment will lie by a vendor against his vendee in possession of land under an executory contract of purchase where the vendee has complied with the terms of said contract. The trial court held, in effect, that ejectment will lie; but therein the court erred. 10 Am. & Eng. Enc. of Law, 496, 497, says:

"The law is well settled that, where a person goes in possession under a contract of purchase, with the consent of the vendor, and then makes default in the payment of the purchase price or otherwise fails or refuses to comply with the terms of the contract, he or his assignee may be turned out by the vendor in an action of ejectment. * * * But the action cannot be maintained where the vendee is not in default"—citing authorities.

Warvelle on Ejectment, § 146, says:

"It would seem to be an established rule, at the present time, that ejectment is not maintainable by a vendor against his vendee in possession under an executory contract of sale who is not in default in the performance of his contract, or who has performed it and is in position to demand a deed, or who seasonably and in good faith offers to comply with the terms of his purchase, and continues ready to comply with them. To a vendee in possession under such circumstances the contract will avail him as a defense to an action of ejectment, or as a cross-action in equity to enforce a trust against his vendor, or to obtain a specific enforcement of the contract. The statute is largely responsible for this condition, as, under the strict rules of the common law, such defenses would be unavailable. In all of the states, however, there have been marked departures from the common-law rule in litigation between vendor and vendee, and in those states which permit a defendant to set up as many defenses as he has, whether they are such as were formerly denominated legal or equitable, any defense which serves to bar the vendor's right of entry may be shown."

We are therefore of the opinion that, as in this jurisdiction defendant is permitted to set up as many defenses as he has,

whether they are such as were formerly known as legal or equitable (St. 1893, § 3872), proof of performance of the contract of purchase on the part of defendant constituted a good defense to this action, and that the judgment of the trial was erroneous and should be reversed. *Arguello v. Bours,* 67 Cal. 447, 8 Pac. 49; *Tibeau v. Tibeau,* 19 Mo. 78, 59 Am. Dec. 329; *Turpin v. Railroad Co.,* 105 Ill. 11; *Love v. Watkins,* 40 Cal. 547, 6 Am. Rep. 624; *Grace v. Means et al.,* 129 Ga. 638, 59 S. E. 811; *Walker v. David,* 68 Ark. 544, 60 S. W. 418; *Coles v. Meskimen,* 48 Or. 54, 85 Pac. 67; *Bolton v. Roebuck,* 77 Miss. 710, 27 South. 630.

But it is contended that defendant in fact made default in the contract of purchase, and that the court by implication so found, and that the sole question presented by this appeal is: Is the judgment supported by the evidence? That such was in effect the finding of the trial court we admit, but are wholly at a loss to know upon what testimony such finding was based. To show default plaintiff offered no testimony, although the burden of proof was upon it so to do in order to show defendant's detention of the premises unlawful (10 Am. & Eng. Enc. of Law, 497 and cases cited; *Titcomb v. Fonda, etc., Ry. Co.,* 38 Misc. Rep. 630, 78 N. Y. Supp. 226; *Morris v. Billingsley et al.,* 48 Fla. 102, 37 South. 564). Assuming the burden of proof defendant testified, and there was no testimony tending to prove the contrary, that she took possession of the premises under this contract, and within five days from that date commenced the foundation of a hotel building thereon, and pushed the same to completion at a cost to her of $500 or $600.

We are therefore of the opinion that defendant lived up to the full measure of her contract, that that constituted a good defense to this action, and that the judgment of the trial court should be reversed.

It is so ordered.

Dunn, Hayes, and Williams, JJ., concur; Kane, C. J., disqualified.