## HILL v. BUFORD.

No. 15444—Opinion Filed June 9, 1925.

Rehearing Denied Sept. 8, 1925.

1. **Judgment—Res Judicata—Vendee in Possession of Land Under Oral Contract of Sale—Judgment for Defendant on Demurrer in Vendor's Action for Price no Bar to Vendor's Later Action in Ejectment.**

Where defendant buys real estate from plaintiff by verbal agreement for a money consideration, a part of which was paid in cash, and the balance to be paid in a short time, and the deed is to be delivered upon payment of the balance due, and defendant goes into possession upon this agreement by consent of the plaintiff and continues in possession, but the balance due is never paid and the deed is never delivered, and after three years plaintiff brings suit for the unpaid balance and the court sustains a demurrer of defendant to the petition on the ground the action is barred by the statute of limitation, and there is no appeal, but plaintiff dismisses his action without prejudice, and thereafter brings action in ejectment for the recovery of the property on the ground that the legal and equitable title is in plaintiff, and defendant is unlawfully holding possession, and defendant interposes the defense of res adjudicata by virtue of the judgment sustaining the demurrer in the first action, held, the judgment on the demurrer to the petition in the action to recover for money due and unpaid is not res adjudicata of plaintiff's right to recover the land in ejectment.

2. **Vendor and Purchaser—Contract of Sale—Failure to Pay—Ejectment by Vendor.**

It is well settled that where a purchaser under a contract of sale or bond for title fails to comply with the provisions of the contract in regard to the payment of the purchase price, the vendor may recover possession of the land in an action in ejectment. 39 Cyc. p. 1889.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No 3.

Error from District Court, McIntosh County; O. H. Searcy, Judge.

Action by R. B. Buford against James H. Hill to recover real estate. Judgment for plaintiff, and defendant appeals. Affirmed.

Charles Whitaker, for plaintiff in error.

Turner, Turner, Harley & Parris for defendant in error.

Opinion by THREADGILL, C. This was an action in ejectment. The facts in the case are undisputed. The defendant in error, plaintiff in the trial court, on April 20, 1920, by verbal agreement, sold to plaintiff in error, who was defendant in the trial court, certain lots in the city of Eufaula for $1,500 cash. Plaintiff, Buford, prepared the deed and offered to deliver it upon the payment of the money. The defendant, Hill, only had $900 and paid that amount over to the plaintiff and said he would pay the balance in about a week. The plaintiff took the $900 and told the defendant that he would place the deed in the bank and hold it and would deliver it to him when he paid the $600. Defendant took possession of the property, lived on it, and built a garage, but never paid the balance due, and never demanded the deed. On August 8, 1923, more than three years after the agreement, plaintiff brought suit against defendant for the $600 and 6 per cent. interest, and asked for a vendor's lien and foreclosure of same against the property. The defendant demurred to the petition on the ground that the action was barred by the statute of limitation and the court sustained the demurrer and gave ten days to amend the petition. Plaintiff did not amend, but paid the costs and dismissed the action without prejudice. Thereafter, on October 18, 1923, plaintiff brought this action alleging that he was the owner of the legal and equitable estate of the property, and attached deeds showing his title, and further stated that defendant was unlawfully withholding the possession of the property from him, and he asked for the possession of the same. The defendant answered, pleading the order of the court sustaining the demurrer in the first suit as res adjudicata of the ejectment action, and he asked that the title to the property be quieted in him. Plaintiff replied by general denial. The cause was tried to a jury on December 10, 1923, and at the close of the evidence upon motion of plaintiff, the court instructed a verdict for plaintiff, and rendered judgment accordingly, and defendant has appealed, asking for a reversal on two grounds: First, he contends the order of the court sustaining the demurrer to the petition on the ground the action was barred by the statute of limitation, in the first action brought by plaintiff, was a bar to this action; and second, that the plaintiff was not entitled to the possession of the property, as the defendant was not unlawfully withholding the possession at the time the action was brought.

1. Defendant cites many authorities to sustain the proposition that the judgment on the demurrer, going to the substance of the action, was conclusive and res adjudicata as to the question involved. To this extent we fully agree with defendant's contention, but what was the question involved in the first action? It was simply the right of plaintiff to enforce his claim against the defendant for $600. Plaintiff alleged that defendant agreed to pay this sum as the balance due for the property and that he had failed to pay it, and defendant's demurrer admitted these facts, but interposed the statute of limitation as a bar to plaintiff's right to force him to pay it. The court sustained the demurrer and this judgment was not appealed from, and became conclusive and a bar to any other action to enforce payment of this claim. Plaintiff did not bring any other action to collect the $600, but brings this suit to recover possession of the real estate on the ground that the legal and equitable title is in the plaintiff; that he has never parted with this title, and that defendant took possession of the property, under an agreement to pay for it, which he has not done.

The defendant answers that the judgment on the demurrer in the first action, holding that said action was barred by the three-year statute of limitation, is res adjudicata to plaintiff's right to recover the real estate in this action. We cannot see the fitness of the application. The two actions are between the same parties but different actions in form and substance and governed by different statutes of limitation. If the judgment on the demurrer was conclusive, was a defense in the second action, the three years' statute of limitation would have served the same purpose without the judgment sustaining the bar. The substance of the first action was plaintiff's right to recover the $600, and the judgment on the demurrer held that the right could not be enforced because of the bar. The substance of this action is plaintiff's right to recover the real estate and the limitation fixed by the statute, section 183, Comp. St. 1921, is 15 years. Franklin v. Ward, 70 Okla. 282, 174 Pac. 244. The limitation to enforce the one right cannot be applicable to the enforcement of the other right.

The demurrer to the petition in the first action admitted the contract to pay the $600, admitted it had not been paid, and the judgment sustaining the demurrer did not vacate the contract to pay nor change the fact of defendant's default, but simply put to sleep plaintiff's right to enforce pay-

ment, because of the bar of limitation. Plaintiff's right to recover the real estate in this action does not depend on his right to recover the $600, but rather upon the fact that the title to the property is still in him and defendant has failed to do the things he agreed to do, to entitle him to the property and the right to continued possession. He could not deny that the title of the property was in plaintiff; he could not say he had paid for the property, although plaintiff was barred by time from forcing him to pay for it; he could not plead the three year statute of limitation against the action to recover the real estate; he could not ask a court of equity for specific performance or to quiet title in him against the plaintiff, because he had failed to do equity.

2. Under the second proposition defendant contends that plaintiff must have a right to the possession of the property at the time the action commenced. We think this is correct, and from the facts in the case and the authorities applicable, plaintiff's right to possession was fully warranted. In the case of Talley v. Kingfisher Improvement Co., 24 Okla. 472, 103 Pac. 591 the court says:

"The only question before us is whether a suit in ejectment will lie by a vendor against his vendee in possession of land under an executory contract of purchase, where the vendee has complied with the terms of said contract. The trial court held, in effect, that ejectment will lie; but therein the court erred. 10 Am. & Eng. Enc. of Law, 496, 497, says: 'The law is well settled, that, where a person goes in possession under a contract of purchase, with the consent of the vendor, and then makes default in the payment of the purchase price, or otherwise fails or refuses to comply with the terms of the contract, he or his assignee may be turned out by the vendor in an action of ejectment.'"

In the case of Lonsdale v. Reinhard, 74 Okla. 53, 176 Pac. 924, this court says:

"While it is true in the case of Talley et al. v. Kingfisher Improvement Co., supra, the court found the defendants were not in default and that they were entitled to retain possession under the executory contract, yet in the instant case there is no pretense that the defendants have attempted to make any compliance with the terms of the contract under which the property was purchased.

"In 39 Cyc. p. 1889, the rule is stated as follows: 'It is well settled that where a purchaser under a contract of sale or bond for title fails to comply with the provisions of the contract in regard to the payment of the purchase price, the vendor may recover possession of the land in an action of ejectment.'

"There being no defense offered by the defendants, and the uncontroverted evidence showing that the defendants were in default, it follows that there was no error in directing a verdict in favor of the plaintiff."

We are of the opinion that the judgment of the trial court is correct and should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 941. (2) 39 Cyc. p. 1889.